**UNITED STATES of America, Plaintiff,**

**v.**

**John GERARD, Defendant.**

**Nos. 83–2513C(C), 80–128–Cr(C).**

United States District Court,
E.D. Missouri, E.D.

Nov. 2, 1983.

John Gerard, pro se.

Kevin O'Malley, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

On October 1, 1980, John Gerard was found guilty after a trial by jury of violating 21 U.S.C. 846 and 18 U.S.C. 1952. He was sentenced to five years on each count, sentences to run consecutively. All direct appeals have now run their course. *United States v. Burchinal,* 657 F.2d 985 (8th Cir.), *cert. denied* 454 U.S. 1086, 102 S.Ct. 646, 70 L.Ed.2d 622 (1981). Thereafter, Gerard filed a petition for reduction of sentence under Rule 35 which was denied.

On November 4, 1982, Gerard filed his first petition for relief under 28 U.S.C. 2255. The basic thrust of his first complaint was ineffective counsel. He was represented by two employed counsel, one from St. Louis and one from Dallas. This petition was denied on December 21, 1982.

The present complaint also sets out in more detail ineffective assistance of counsel in that it specifically alleges that the prosecution's chief witness, Boumis, made threats against defendants Burchinal and Gerard, that defendant's lawyer failed to investigate these complaints or to call these

witnesses, who lived in Arizona, Illinois and Texas, and failed to advise Gerard that their attendance could have been required at the cost of the Government.

While Gerard does not state what these witnesses could have testified to, he intimates that they would testify that he was acting under duress because of the threats from Boumis. In fact, Gerard does not say that these witnesses can so testify but indicates they might assist in his defense.

In order to show ineffective assistance of counsel, the defendant must show a failure of the attorney to perform some essential duty and, second, that as a result of that failure, prejudice resulted to the defendant. *McQueen v. Swenson*, 498 F.2d 207 (8th Cir.1974); *Thomas v. Wyrick*, 535 F.2d 407 (8th Cir.), *cert. denied* 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976). It would appear to the Court that the attorney in this case used the customary skills and diligence that a reasonable person under similar circumstances would. It would also seem to be that even had the attorney been able to produce these unnamed witnesses from Arizona, Illinois and Texas who would in fact testify that Boumis did threaten Gerard and his co-defendant, Burchinal, that this would not be of any assistance to Gerard nor would it have affected the outcome of this case. Boumis lived in St. Louis and Gerard lived in Arizona and the thought that any threats were the cause of Gerard entering into this conspiracy is not believable.

In addition to the question of incompetency of counsel, Gerard also alleges a number of evidentiary errors by the Court; errors in the instructions given by the Court to the jury, permitting witness Boumis to take the stand on six different occasions and testify before the jury without admonishing the witness that the Court still considered him to be under oath or affirmation, admitting testimony concerning marijuana, failing to grant a mistrial, instructing the jury that Boumis was a competent witness, and failing to properly question the jury about newspaper publici-

ty which they may have seen during the course of the trial.

These allegations of Gerard were essentially allegations that are not cognizable in a motion under Section 2255. Many of these were raised in the direct appeal itself. The Court of Appeals specifically discussed the question of the newspaper publicity in its opinion. The question of instructions and admission of evidence is not a matter to be taken up under 28 U.S.C. 2255. Gerard also states that there is newly discovered evidence and that the co-defendant will now testify. He does not state what the newly discovered evidence is and the fact that a co-defendant decided not to testify at trial is not grounds for a new trial so that he may now testify after he has been found guilty and served his sentence or part of it. Gerard asks this Court to appoint an attorney and have a evidentiary hearing, but this Court is of the opinion that the matters raised by Gerard can be determined from the transcript of the trial and there is no point in rehashing matters which have already been determined. Accordingly, the motion for a new trial will be denied. Counsel will not be appointed nor will an evidentiary hearing be held.