**UNITED STATES of America**

v.

**Frank Owen PERSINGER.**

**Crim. No. 81–184.**

United States District Court,
W.D. Pennsylvania.

June 14, 1984.

Paul J. Brysh, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

## MEMORANDUM

MARSH, District Judge.

The defendant has filed a timely motion for new trial based on newly discovered evidence under Rule 33, Fed.R.Crim.P. It has been decided, within this court's discretion, to rule on the briefs without a hearing. *United States v. Herman,* 614 F.2d 369, 372 (3rd Cir.1980); *United States v. Hamilton,* 559 F.2d 1370 (5th Cir.1977).

The defendant, Frank Owen Persinger, was charged in a seven count indictment with violations of the bank robbery statute 18 U.S.C. § 2113(a) and (d) and five counts of transporting forged travelers' checks in interstate commerce under 18 U.S.C. § 2314. The charges set forth in Counts 3, 4, 5, and 6 were dismissed after defendant's motion for judgment of acquittal at the close of the government's case. The case went to the jury on Counts 1, 2, and 7, and on February 25, 1982, the jury found the defendant guilty on said counts.

Count 1 charged the defendant with the robbery of the Sheraden Savings and Loan Association on February 17, 1981 together with co-defendant, Chester Lawrence Peach,[1] also known as Richard Pette and Sonny Pette. Count 2 charged both defendants with an assault incident to the bank robbery. The government's case consisted of an overwhelming chain of circumstantial evidence linking the defendant and Peach to the bank robbery. There were no eyewitness identifications to the bank robbery, but employees of the bank gave descriptions of the bank robbers and their possession of weapons. Some of the descriptions conformed to the physical characteristics of defendant, Persinger.

A witness named Gemma Ritondo testified that she was together with both defendants within hours of the bank robbery and that she observed the co-defendant, Chester Peach, in the possession of a large sum of money and travelers' checks. Ms. Ritondo also testified she went on a trip to Atlantic City with Peach and Persinger. There is no indication that she is now willing to come forward and recant said testimony.

---

1. The case against co-defendant, Peach was severed because he was in custody in California on state charges.

On February 19, 1981, two days after the bank robbery, Persinger was arrested in Philadelphia at the Springfield Mall while attempting to pass travelers' checks which were identified as being taken in the robbery. Defendant had in his possession $1,690.00 in blank travelers' checks which were identified as being taken from the bank on February 17, 1981, as well as $1,114.00 in cash. The evidence of the possession of recently stolen property was overwhelming.

■ The primary ground for relief in defendant's motion for new trial is an assertion supported by a statement, not under oath, of the co-defendant, Chester Peach, that Peach is now prepared to come forward and testify that Persinger had nothing to do with the bank robbery. Peach's statement names Thomas Milstine as his accomplice in the robbery. Milstine is now deceased, due to a suicide, and therefore is unavailable to corroborate Peach's testimony. There is an assertion that a party who did not testify at the trial *may* be able to identify Milstine as one of the robbers.

It should be noted that the court has broad powers to grant motions for new trial if the court believes that a legitimate miscarriage of justice has occurred. *United States v. Gross*, 375 F.Supp. 971, 974 (D.N.J.1974), *aff'd*, 511 F.2d 910 (3rd Cir. 1975), *cert. denied*, 423 U.S. 924, 96 S.Ct. 266, 46 L.Ed.2d 249 (1975). However, great caution should be utilized when a motion for new trial is based on newly discovered evidence. 3 *Wright, Federal Practice and Procedure:* Criminal 2d § 557 (1982).

Five factors must be weighed by the district court in determining a motion for new trial based on newly discovered evidence:

"(a) the evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal."

See: *United States v. Herman*, 614 F.2d 369, 371 (3rd Cir.1980) citing a number of cases from the Court of Appeals for the Third Circuit.

In reviewing these factors, we feel that the defendant has complied only with factors (c) and (d). With respect to factor (a) a number of courts have held that the testimony of a co-defendant who chose not to testify at the trial is *not* newly-discovered evidence. *Cf., United States v. Jacobs*, 475 F.2d 270, 286 (2nd Cir.1973).

The defendant in the case *sub judice* did file a motion to take the deposition of Chester Peach prior to trial. But, as defendant stated in his motion for new trial, Peach was not willing to testify at Persinger's trial.

■ As the court said in *United States v. Diggs*, 649 F.2d 731, 740 (9th Cir.1981), "[w]hen a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not 'newly discovered.' " [2] See also *United States v. Carlin*, 573 F.Supp. 44 (N.D.Georgia 1983). Using a somewhat different rational, the Third Circuit Court of Appeals affirmed a district court decision where a co-defendant who was also the brother of a defendant, came forward to exonerate his brother of a bank robbery. In affirming the district court, the appellate court stated that "[i]t is ... well settled that evidence is not 'newly discovered' when it was known or could have been known by the diligence of the defendant or his counsel, and that such

**2.** Citing *McAteer v. United States*, 148 F.2d 992 (5th Cir.1945); *Coplin v. United States*, 88 F.2d 652, 665 (9th Cir.), *cert. denied*, 301 U.S. 703, 57 S.Ct. 929, 81 L.Ed. 1357 (1937); *United States v. Jacobs*, 475 F.2d 270, 286 n. 33 (2nd Cir.), *cert. denied*, 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973).

evidence is not sufficient to grant a new trial." *United States v. Bujese,* 371 F.2d 120, 125 (3rd Cir.1967).

■ Under the facts of this case we cannot say defendant utilized due diligence. Defendant set out on a journey to Atlantic City with co-defendant, Peach, the day after the bank robbery and was with Peach within hours of the robbery until his arrest on February 19, 1981. If indeed, he did not rob the bank, he spent a number of days with Peach and could easily have asked his friend and travelling companion who did rob the bank. Furthermore, prior to trial, the whereabouts of Peach were known and defendant had an ample opportunity to ascertain the name of the alleged robber, Thomas Milstine, who is now currently deceased. In addition, defendant waited nearly two years[3] before filing his motion and certainly could have obtained the whereabouts of Peach in that it appeared on the face of the record in this case that Peach was sentenced on September 30, 1982 to serve his federal sentence concurrently with a sentence imposed in the State of California in an institution designated by that state. The Alameda County Jail was specifically referred to in the court's sentence (Docket No. 117).

Furthermore, defendant has not satisfied the last factor set forth in *Herman, supra,* that is: that the alleged newly discovered evidence would produce an acquittal. It is the opinion of this court that a new trial would not change the results of the first trial. The outcome of a new trial is evident—defendant Persinger would be convicted again by overwhelming circumstantial evidence!

In light of defendant's failure to meet the tests justifying a motion for new trial based on newly discovered evidence as set forth in *Herman, supra,* an appropriate order will be entered denying said motion.

3. Persinger was sentenced on June 3, 1982 and filed his motion on May 30, 1984, only three (3) days prior to the last date to file.