STATE OF KANSAS, *Appellee*, v. BRIAN K. LITTLEJOHN, *Appellant*, and

No. 56,394

STATE OF KANSAS, *Appellee*, v. DONALD R. MOSES, *Appellant*.

(694 P.2d 403)

Opinion filed October 26, 1984.

*Ronald D. DeMoss*, of Williamson, McGee, Griggs & DeMoss, Chartered, of Wichita, argued the cause and was on the briefs for the appellants.

*Geary N. Gorup*, assistant district attorney, argued the cause, and *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HERD, J.: Donald R. Moses and Brian K. Littlejohn were convicted on July 30, 1981, and July 23, 1981, respectively, both of attempted aggravated robbery and felony murder. Appeals were taken in their cases and the convictions were affirmed in unpublished opinions. *State v. Moses*, No. 53,711, filed July 16, 1982; and *State v. Littlejohn*, No. 54,045, filed December 3, 1982. Another codefendant, Clyde Thomas, was also convicted of the same charges. Angela Littlejohn, a fourth codefendant, was acquitted. Both Moses and Littlejohn filed motions for new trial. The motions were denied. This case is the consolidated appeals from the denial of the motions for new trial.

The motions for new trial based on newly discovered evidence were accompanied by affidavits from Moses, Littlejohn and Clyde Thomas. The affidavits of Moses and Littlejohn were substantially the same. Both swore that on March 24, 1981, they were at a Wichita residence with Angela Littlejohn and Clyde Thomas. The four allegedly decided to go to the Sunflower Pawn Shop where Brian and Angela could look at engagement rings. At the pawn shop, while Brian and Angela looked at the rings, Clyde Thomas argued with the pawnbroker, Harold Dennis. The argument became heated and Dennis pushed Thomas. Brian Littlejohn then noticed Harold Dennis had a gun. He yelled a warning to Clyde Thomas, a gun fired, and Harold Dennis fell to the floor. Brian Littlejohn took Harold Dennis' gun and all four individuals ran to the truck they had driven to the pawn shop. They drove back to the residence where they had met before going to the shop, and were arrested there a short time later.

The affidavit of Clyde Thomas states when he met with Brian and Angela Littlejohn at the Wichita residence on March 24, 1981, they were considering the purchase of an engagement ring. Thomas states he told Brian Littlejohn that he knew where Brian could get a good deal on a ring. Thomas explained that Harold Dennis at the Sunflower Pawn Shop fenced stolen property and Thomas had on occasion sold stolen property to him. Brian, Angela, Thomas and Moses then proceeded to the pawn shop. While Brian and Angela looked at the rings, Thomas stated he and Harold Dennis had a private discussion concerning further transactions in stolen goods and some money Thomas owed Dennis from an unpaid loan. The two began to argue about the debt, and Dennis became hostile. Dennis then ran to the counter. Brian Littlejohn saw that Dennis had obtained a gun and yelled a warning to Thomas. Thomas was carrying a gun in his pocket, and fired at Dennis in self-defense. Thomas then ran with the others to their truck and was arrested a short time later.

The information alleged in the affidavits of Moses, Littlejohn and Thomas was never offered at trial. The State's case presented at the trials of the appellants as to the crime itself was not disputed by any other information on the part of the appellants. The facts in evidence at trial were that Harold Dennis was an employee at the Sunflower Pawn Shop in Wichita, Kansas. At 5:00 p.m. on March 24, 1981, Dennis entered the Twenty-first

Street Pawn Shop, a few doors away from the Sunflower Pawn Shop. He was pale, excited and there was blood coming from his mouth. Dennis informed two employees of the Twenty-first Street Pawn Shop he had been shot in the back, but that nothing had been taken from the shop. Dennis described the people who entered his shop as three black males and one black female, one of whom shot him. He further stated he saw them leave in a red Chevy pickup truck. Dennis also indicated he had been shot by a .22 caliber weapon. Dennis was then taken to St. Francis Hospital where he died shortly thereafter.

Daryl Pauley, an employee of Monroe's Liquor Store located at 21st Street and Park Place, near the Sunflower Pawn Shop, testified he saw three black males and one black female walk past his store in the direction of Dennis' pawn shop. A few minutes later, Pauley saw the same four individuals run past his liquor store and get into an old red and white pickup truck. Pauley then saw Dennis run out of the pawn shop. Dennis was bleeding and yelling at the individuals in the pickup truck. Pauley noted the license on the truck and subsequently reported the information to the police.

The license tag number and description of the truck led police to the home of Sidney and Lavada Grant, 1851 N. Spruce, Wichita. Mrs. Grant told the police that Brian Littlejohn had borrowed her red and white pickup truck earlier that afternoon and returned the truck a few minutes after 5:00 p.m. Mrs. Grant further informed the police that Brian, whom she had seen holding a large handgun, was in the basement with Clyde Thomas and Donald Moses. After repeated requests by the police officers the three men emerged from the basement and were arrested. In a subsequent search of the Grant residence one revolver was found hidden in the basement and a .22 caliber weapon was found hidden in a chair in the upstairs bedroom of the house.

The morning after the crime occurred a detective spoke with Brian Littlejohn concerning a previous robbery at a Radio Shack in which Littlejohn was a suspect. In discussing the Radio Shack robbery with the detective Littlejohn also gave information regarding the Sunflower Pawn Shop incident. Littlejohn stated Clyde Thomas had been involved with him in the Radio Shack robbery as well as the one at the Sunflower Pawn Shop. He

further stated Angela Littlejohn and Donald Moses were also involved in the Sunflower Pawn Shop robbery and homicide. Littlejohn told the detectives the Sunflower Pawn Shop robbery crime was planned by Clyde Thomas. He stated Thomas had cased the pawn shop and had observed a pair of handcuffs while in the shop. Thomas planned to use the handcuffs to detain the attendant, allowing them more time to get away. Littlejohn stated Clyde Thomas recruited himself, Angela Littlejohn, and Donald Moses to assist him in the commission of the crime. His job in the Sunflower Pawn Shop robbery was to hold the attendant at bay with a revolver, allowing the other three individuals to pick up merchandise. He also said the attendant attempted to take his gun away from him. Littlejohn stated he did not fire the gun that killed Dennis, but refused to tell the detective who had fired it.

On May 8, 1981, Littlejohn was charged with first-degree murder pursuant to K.S.A. 21-3401 and attempted aggravated robbery pursuant to K.S.A. 21-3427; 21-3301.

Prior to trial a *Jackson v. Denno* hearing was held to determine the admissibility of Littlejohn's statements to the detective. The trial court found the appellant's statements were voluntarily, knowingly, and intelligently given and overruled the motion to suppress. At trial Littlejohn did not testify, nor did he call Thomas or Moses to the stand as defense witnesses.

Donald Moses was arrested after emerging from the basement at the Grant home and was transported to the Wichita Police Department for questioning. Two detectives were assigned to interview Moses. Moses indicated he wished to make a statement to the detectives concerning the incident at the pawn shop. Donald Moses then told the detectives he and three other friends had gone to the Sunflower Pawn Shop at about 3:30 the day of the robbery and murder. They then left and rode around for awhile. At five o'clock they went back to the pawn shop. He said Brian Littlejohn and Clyde Thomas entered the pawn shop ahead of Angela and him. Brian and Clyde were to handcuff the clerk while he and Angela were to take money and jewelry. He observed Brian put a large caliber gun to the clerk's head. A tussle then developed between Brian and the clerk and he heard a gunshot. They all ran from the shop, got into the truck, and drove to the Grant residence.

Moses' statement was introduced at his trial over objection. The district court's ruling admitting Moses' statement was affirmed on appeal. Moses did not testify at his trial, nor did he call Brian Littlejohn or Clyde Thomas as defense witnesses.

Clyde Thomas was the last of the four codefendants to go to trial. He had not previously given the police a statement and he did not testify at his own trial. He did not present Littlejohn or Moses as defense witnesses.

Angela Littlejohn, the first of the four defendants to be tried, did not provide any pretrial statements to the police. She testified in her own trial, and upon being acquitted, testified in the trials of Brian Littlejohn and Donald Moses. In each of the trials she testified Brian was going to buy a ring at the pawn shop and asked her to take him there. She testified she borrowed a pickup truck in order to give him a ride. She further testified when they went to the pawn shop some of her companions engaged in a racial argument with the white proprietor, Harold Dennis. They were ordered to leave. She testified she and Moses had left the store when Thomas and Harold Dennis became involved in a scuffle and she heard a shot. She ran to the pickup truck where the others joined her, and they quickly returned to the Grant home. As she was going into the house, Thomas threw her a gun which she hid under a cushion on a sofa in a bedroom upstairs. She further testified they had not been in the pawn shop before the shooting.

Two witnesses, who were not available for Angela Littlejohn's trial, each testified in the codefendants' trials that they had observed Angela Littlejohn and three black males at the pawn shop an hour before the shooting. One of these witnesses identified Clyde Thomas as one of the black males. The other witness identified Brian Littlejohn as another of the black males. Neither of these two witnesses were able to identify Moses as the third black male.

The affidavit of Moses claims he gave the false confession due to promises of lenient treatment by the prosecution. Littlejohn claims the statement he gave was false and was given in return for assurances that he would be released on the charges.

The district court denied both Moses' and Littlejohn's motions for new trial. The court ruled the information in the affidavits

would not have changed the verdict in a new trial. Moses and Littlejohn appeal this ruling.

Both appellants argue the trial court erred in denying their motions for new trial. The rules regarding motions for new trial for newly discovered evidence, which are governed by K.S.A. 22-3501, were recently stated in *State v. Bishop*, 223 Kan. 539, 543, 574 P.2d 1386 (1978):

" 'The rules for granting of a new trial for newly discovered evidence have often been stated. The granting of a new trial for newly discovered evidence is in the trial court's discretion. [Citation omitted.] A new trial should not be granted on the ground of newly discovered evidence unless the evidence is of such materiality that it would be likely to produce a different result upon re-trial. [Citation omitted.] The credibility of the evidence offered in support of the motion is for the trial court's consideration. [Citation omitted.] The burden of proof is on defendant to show the alleged newly discovered evidence could not with reasonable diligence have been produced at trial. [Citation omitted.] The appellate review of an order denying a new trial is limited to whether the trial court abused its discretion.' " Quoting *State v. Johnson*, 222 Kan. 465, 471, 565 P.2d 993 (1977).

See also *State v. Myrick & Nelms*, 228 Kan. 406, 616 P.2d 1066 (1980).

Based upon these rules of law, the trial court in this case found Moses' own affidavit was not newly discovered evidence in his own hearing on the motions since he knew the evidence at the time of his trial and he could have testified as to the evidence at his own trial but chose not to. For the same reason, the trial court held Littlejohn's affidavit was not newly discovered evidence in his own hearing.

However, the court ruled Littlejohn's and Thomas' affidavits were newly discovered evidence in Moses' hearing and Moses' and Thomas' affidavits were newly discovered evidence in Littlejohn's hearing. The basis for this ruling was that Littlejohn and Thomas were not available to testify at Moses' hearing because they would have taken the Fifth Amendment and re-fused to testify. The same is true for Moses and Thomas at Littlejohn's trial.

Appellee argues this is not newly discovered evidence since the contents of the affidavits and the identity of the witnesses were within the knowledge of each defendant at the time of trial. Appellee contends the appellants' argument that the affidavits are newly discovered evidence since the testimony was not

available to each defendant due to the other defendant's Fifth Amendment privileges is erroneous. Appellee argues appellants failed to demonstrate reasonable diligence to produce this evidence at trial. Appellee contends the appellants should have been required to subpoena the other defendants and require them to claim their Fifth Amendment privilege on the record; or request a continuance and force the codefendants to testify after their own trials, when their Fifth Amendment claim would no longer be valid. We agree. The trial court, however, rejected this argument, but found for other reasons that the motions for new trial should be denied. This court has often held that if the judgment of the trial court is correct, it is to be upheld even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision. Therefore, despite the trial court's erroneous ruling that the evidence was newly discovered, we uphold its denial of the motions for new trial.

The judgment of the trial court is affirmed.