No. 64,761

STATE OF KANSAS, *Appellee,* v. RICKY RAY REDFORD, *Appellant.*

(804 P.2d 983)

Opinion filed January 18, 1991.

*Stephen M. Joseph,* of Joseph, Robison & Anderson, P.A., of Wichita, argued the cause and was on the brief for appellant.

*Debra Byrd Wagner,* assistant district attorney, argued the cause, and *Thomas J. Robinson,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: Ricky Redford was convicted on September 25, 1986, of aggravated kidnapping, K.S.A. 21-3421; aggravated criminal sodomy, K.S.A. 1987 Supp. 21-3506; rape, K.S.A. 1987 Supp. 21-3502; burglary, K.S.A. 21-3715; criminal damage to property, K.S.A. 1987 Supp. 21-3720; and aggravated battery, K.S.A. 21-3414. The convictions were affirmed on appeal. *State v. Redford,* 242 Kan. 658, 750 P.2d 1013 (1988). Codefendant Lisa Shannon was acquitted of aggravated criminal sodomy. K.S.A. 1987 Supp. 21-3506. The jury was unable to reach a verdict on the aggravated kidnapping charges against Shannon and a third codefendant, Gary Kanak. Mistrials were declared and eventually those charges against Shannon and Kanak were dismissed. On September 29,

1988, Redford filed a motion for new trial on the grounds of newly discovered evidence. The district court denied the motion and Redford appeals.

Redford contends newly discovered hotel registration records show that he, Shannon, and Donna, the kidnapping victim, spent the night of April 30, 1986, at the Holiday Inn Plaza in Wichita. At the hearing on the motion for new trial, Donna admitted she stayed at the Holiday Inn Plaza with Redford and Shannon the night before they kidnapped her. Redford argues the new evidence discredits the State's theory that Donna was kidnapped on April 30, 1986, and the trial testimony of Wilbur Just, who testified that he saw the kidnappers with Donna on April 30, 1986.

Redford also argues the newly available testimony of Lisa Shannon supports his argument that there was no forcible kidnapping and that it could not have occurred on April 30. Shannon testified at the hearing on the motion for a new trial that she called Donna on April 30 at Paul Gestl's house and asked Donna to join her and Redford at "The Tubs". Donna did not have a ride so Shannon picked her up at Gestl's and the trio spent several hours at "The Tubs" before renting a room at the Holiday Inn Plaza. Shannon testified that several calls were made to Gestl's home from the room, and the next day, May 1, she took Donna back to Gestl's house. Later in the day, Shannon called Donna, who stated that Gestl had beaten her. Shannon and Redford drove to Donna's home. Donna was upset and had red marks on her face and neck. According to Shannon, Donna agreed to go along with her and Redford in order to get away for a few days. Shannon stated the three drove to Gary Kanak's farmhouse in Ellsworth County.

The rules governing motions for new trial based upon newly discovered evidence, established by K.S.A. 22-3501, have been repeated many times:

> " ' "The granting of a new trial for newly discovered evidence is in the trial court's discretion [Citation omitted.] A new trial should not be granted on the ground of newly discovered evidence unless the evidence is of such materiality that it would be likely to produce a different result upon retrial. [Citation omitted.] The credibility of the evidence offered in support of the motion is for the trial court's consideration [Citations omitted.] The burden of proof is on the defendant to show the alleged newly discovered evidence could not with reasonable diligence have been produced at trial. [Citations omitted.] The appellate review of an order denying a new trial

is limited to whether the trial court abused its discretion. [Citations omitted.]" ' " *Baker v. State,* 243 Kan. 1, 11, 755 P.2d 493 (1988).

Concerning the hotel registration records, Redford contends the trial court abused its discretion in denying the motion for new trial because Michael Wilson, Redford's trial attorney, exerted reasonable diligence in an attempt to produce the records. Wilson testified he spent fifteen minutes at the Holiday Inn Plaza seeking registration information for April 30, 1986. Wilson stated he used Redford's name and other alias names used by Redford, together with the room number and date, but was unsuccessful in discovering any information. Wilson unsuccessfully tried a second time to locate the registration records by using different name and room number combinations. He did not, however, use Shannon's or Donna's names.

For support, Redford relies on *State v. Neal,* 243 Kan. 756, 763 P.2d 621 (1988). In *Neal,* the defendant, who was convicted of felony theft and aggravated robbery, informed his attorney prior to trial that he had been working on the night of the robbery. 243 Kan. at 757. Neal, his father, and his attorney made considerable efforts to obtain the work record printout of Neal's employer on the evening of the crimes, but were told the records did not exist. 243 Kan. at 758. After Neal's conviction, a general manager for the employer was contacted and it was discovered that time records were in fact available but few managers possessed this knowledge. 243 Kan. at 758-59. We found the newly discovered evidence was material and that reasonable diligence had been employed in an effort to recover the records prior to trial. Thus, we ruled there was no abuse of discretion by the trial court in granting the motion for new trial. 243 Kan. at 761-62.

Redford's reliance on *Neal* is misplaced. In *Neal,* the defendant provided his attorney with all the information he possessed. In the present case, Redford knew the hotel registration was not under his name but failed to relay this information to Wilson.

In *State v. Arney,* 218 Kan. 369, 544 P.2d 334 (1975), the defendant was convicted of kidnapping, battery, and murder. At trial, evidence was presented that the defendant had left Kansas City on August 3, 1972. In his motion for new trial defendant offered evidence of collect phone calls to his mother which had

been placed from Kentucky on August 2, 1972, and a hotel registration card, from a hotel in Kentucky, for the same date. This court ruled that facts fully within the knowledge of the defendant at the time of trial cannot subsequently be categorized as newly discovered evidence. In *Arney,* the defendant would have known at the time of trial if he had made the phone calls and registered at the hotel; therefore, there was no abuse of discretion in denying the motion for new trial. 218 Kan. at 373. See *State v. Anderson,* 211 Kan. 148, 151, 505 P.2d 691 (1973).

We believe *Arney* governs the present case. Redford knew at the time of trial that Shannon, not he, had registered at the Holiday Inn Plaza. Redford chose not to provide his attorney with the same information. Although Redford's attorney used reasonable diligence in attempting to recover the registration record, Redford did not. Therefore, we find the district court did not err in denying the new trial motion where Redford possessed full knowledge of the alleged new evidence at the time of trial.

Next, we consider whether the testimony of a codefendant, who had elected not to testify at the convicted codefendant's trial, is newly discovered evidence for purposes of a new trial.

Redford asserts Shannon elected not to testify in the joint trial. Under protection of the Fifth Amendment, Shannon could not be compelled to testify at the trial. Therefore, Redford argues, Shannon's "newly available" testimony should be treated as newly discovered evidence.

In *State v. Littlejohn,* 236 Kan. 497, 694 P.2d 403 (1984), codefendants Moses and Littlejohn were convicted of felony murder and attempted aggravated robbery. In support of motions for a new trial, Moses and Littlejohn offered their own affidavits and the affidavit of convicted codefendant Thomas. 236 Kan. at 498. The information provided in the affidavits was not offered at trial and presented substantially different evidence that, in effect, placed all the guilt on Thomas. The trial court found the Littlejohn and Thomas affidavits were new evidence in Moses' hearing because Littlejohn and Thomas would have taken Fifth Amendment protection and refused to testify at Moses' trial. The same rational was applied to the Moses and Thomas affidavits in Littlejohn's motion. Nevertheless, the trial court denied the motions for new trial, ruling that the information contained in the affidavits

would not have changed in a new trial. Defendants appealed. 236 Kan. at 501-02. On appeal, the State argued there was no new evidence because the contents of the affidavits and the identity of the witnesses were known at trial. The State further argued that defendants failed to demonstrate the use of reasonable diligence because the witnesses were not subpoenaed and forced to claim Fifth Amendment protection. Stating that the trial court erroneously ruled that the evidence was newly discovered, we agreed with the State's arguments and affirmed the trial court's judgment as correct but for the wrong reasons. 236 Kan. at 503.

Numerous federal courts have considered the validity of "newly available" testimony as newly discovered evidence under Rule 33 of the Federal Rules of Criminal Procedure. In *United States v. Diggs,* 649 F.2d 731, 734 (9th Cir.), *cert. denied* 454 U.S. 970 (1981), codefendants were convicted of mail and wire fraud and conspiracy to commit fraud. In support of a motion for new trial, one codefendant offered the affidavit of the other. 649 F.2d at 739. The circuit court refused to accept the exculpatory testimony of a codefendant who had refused to testify at trial as newly discovered evidence. 649 F.2d at 740.

The Fifth Circuit Court of Appeals also refused to accept exculpatory statements and ex parte depositions of indicted coconspirators as newly discovered evidence where the coconspirators had refused to testify at trial. *United States v. Vergara,* 714 F.2d 21, 23 (5th Cir. 1983).

In *United States v. Carlin,* 573 F. Supp. 44, 45 (N.D. Ga. 1983), *aff'd* 734 F.2d 1480 (11th Cir. 1984), the defendant Carlin was convicted of interstate transportation of forged securities. At trial, a witness charged with the same criminal actions in another case asserted his Fifth Amendment privilege and refused to testify. After the Carlin trial, the witness was convicted, and Carlin asserted the newly available testimony of Carlin's alleged innocence thus became newly discovered evidence. The district court ruled the previously unavailable testimony was not newly discovered evidence under Rule 33. 573 F. Supp. at 46. The court found the witness' testimony was not new evidence because it was always known by the defendant. In addition, the court denied the motion for new trial because the convicted witness who sought to exculpate the defendant lacked credibility. 573 F. Supp. at

47. See *United States v. Persinger*, 587 F. Supp. 899, 901 (W.D. Pa. 1984); *United States v. Gerard*, 574 F. Supp. 874, 875 (E.D. Mo. 1983); Annot., 44 A.L.R. Fed. 13.

Our review of the state and federal case law has convinced us that Shannon's newly available testimony was not newly discovered evidence. Shannon and the content of her testimony concerning Redford's alleged innocence were known to Redford at the time of trial. We further find Redford failed to show he used reasonable diligence to obtain Shannon's testimony. No formal motion was filed to compel Shannon's testimony and force her to claim the Fifth Amendment. Nor did Redford seek a severance, even when the other codefendants sought separate trials. Finally, we note the testimony offered was not likely to produce a different verdict at retrial and was cumulative to Redford's own testimony. *Baker v. State*, 243 Kan. at 11-12.

The judgment of the district court is affirmed.