No. 58,717

STATE OF KANSAS, *Appellee*, v. CLYDE THOMAS, *Appellant*.

(720 P.2d 1059)

Opinion filed June 13, 1986.

*Melissa Kelly*, assistant appellate defender, argued the cause, and *Benjamin C. Wood*, chief appellate defender, was with her on the brief for appellant.

*Geary N. Gorup*, assistant district attorney, argued the cause, and *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant appeals the district court's denial of his motion to correct his sentence pursuant to K.S.A. 22-3504.

The defendant, Clyde Thomas, was convicted of felony murder, K.S.A. 21-3401, and attempted aggravated robbery, K.S.A. 1985 Supp. 21-3301 and 21-3427, by a jury in Sedgwick County District Court. Four individuals had been charged. Separate trials were granted each defendant. Two of his three codefendants were convicted, while a third codefendant was acquitted at jury trial. Thomas' convictions were affirmed in an unpublished opinion, *State v. Thomas*, No. 53,782, filed April 3, 1982.

On March 20, 1985, Thomas filed a motion pursuant to K.S.A. 22-3504 to correct his sentences to reflect, under K.S.A. 21-4620(a)(2)(C), that he was merely an aider and abettor in the crimes. Although not an issue, Thomas is attempting to become immediately parole eligible if his convictions are found to be as an aider and abettor under K.S.A. 21-3205.

On at least three occasions during 1983 and 1984, Thomas had stated, by sworn affidavits and legal pleadings, that he was the triggerman in the death of the victim. The district court, being aware of the history of the case and Thomas' prior statements, refused to modify, alter or correct the sentence to declare that the defendant was merely an aider and abettor in the crime. The district court further found that, even if Thomas did not kill the victim, proof of the triggerman's identity in a felony-murder case was irrelevant, because each codefendant was charged and convicted as a principal. *State v. Myrick & Nelms*, 228 Kan. 406, 416, 616 P.2d 1066 (1980). The court further found that, even assuming Thomas was an aider or abettor during the attempted aggravated robbery, he would not be entitled to any relief because the sentence for such offense was ordered to run concurrently with the controlling sentence imposed for the felony murder. The defendant appeals from this decision.

Originally, the attorney appointed to represent Thomas on appeal docketed the appeal with the Kansas Supreme Court. Then the attorney determined that a motion to correct Thomas' sentence under K.S.A. 22-3504 was similar to a K.S.A. 60-1507 civil motion and should be heard by the court of appeals. The attorney moved to transfer the appeal to the court of appeals. Appellate jurisdiction was retained by this court, and the parties were instructed to brief the jurisdictional question raised by the defendant.

K.S.A. 22-3504(1) provides:

"The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

K.S.A. 1985 Supp. 60-2101(a) and (b) define the separate appellate jurisdiction of the two appellate courts of Kansas. Under 60-2101(a), the court of appeals has jurisdiction to hear all appeals from the district courts, except where the appeal is to the

supreme court by law. K.S.A. 60-2101(b) grants the supreme court original jurisdiction of an appeal where the district court has held a statute of this state or of the United States unconstitutional, or of an appeal in criminal cases as prescribed by K.S.A. 22-3601 and 22-3602.

K.S.A. 22-3601 defines the jurisdiction of the appellate courts for criminal appeals. All appeals, except where the defendant has been convicted of a class A or class B felony or in which a maximum sentence of life imprisonment has been imposed or in which a statute of this state or of the United States has been held unconstitutional, fall within the appellate jurisdiction of the court of appeals. Under K.S.A. 22-3602(d) criminal cases may be transferred from the court of appeals to the supreme court by order of the supreme court.

A motion to set aside a sentence pursuant to K.S.A. 60-1507 is a civil proceeding. *Winter v. State,* 210 Kan. 597, 604, 502 P.2d 733 (1972). In *State v. Richardson,* 194 Kan. 471, 473, 399 P.2d 799 (1965), this court cited *Heflin v. United States,* 358 U.S. 415, 3 L. Ed. 2d 407, 79 S. Ct. 451 (1959), in which the federal court said that the federal statute (from which K.S.A 60-1507 is composed) created a new case, not a criminal case, and the proceeding under that section was in the nature of a civil action.

K.S.A. 60-1507(a) provides a prisoner claiming the right to be released a procedure under the Kansas Code of Civil Procedure to vacate, set aside or correct his sentence. K.S.A. 60-1507 actions are original civil cases and fall within the appellate jurisdiction of the court of appeals.

K.S.A. 22-3504 provides a method for correcting an illegal sentence or a clerical mistake in judgments, orders or other parts of the record. K.S.A. 22-3504 is contained within the chapter of the Kansas statutes entitled "Criminal Procedure." The federal courts treat similar motions as part of the original criminal case. See *Heflin v. United States,* 358 U.S. at 418. This is logical. An appeal of a 22-3504 motion is a criminal appeal provided by the Code of Criminal Procedure and falls within the appellate jurisdiction of the appellate court that has jurisdiction to hear the original appeal. This court has original jurisdiction to hear Thomas' appeal of the district court's denial of his motion to correct the class A felony sentence.

The defendant next contends that the trial court erred by (1)

failing to conduct a hearing on his motion, and (2) failing to require his presence. The State argues that neither the hearing nor the defendant's presence at the hearing was required since the defendant was not entitled to relief.

K.S.A. 22-3504(1) states that "[t]he defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

The pronouncement of sentence or rendition of judgment is a judicial act of the sentencing judge, as distinguished from the entry of the judgment, which is a ministerial act of preparing the record of judgment.

An "illegal sentence" is either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served. Thomas' sentence was not illegal.

The defendant's motion does not attack the legality of the sentence, but instead goes to the failure of the judgment form to comply with K.S.A. 21-4620(a)(2)(C) and designate him as an aider and abettor pursuant to K.S.A. 21-3205. Such a motion, if the defendant were indeed an aider and abettor, would more properly fall under K.S.A. 22-3504(2), which provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

Clerical mistakes within the record include typographical errors, incorrect statute numbers, failure to include the statute number, failure to state additional true matter, formal or clerical errors and entries concerning matters of procedure. Such omissions or errors are correctable by nunc pro tunc orders.

The hearing, personal presence and appointment of counsel requirements of K.S.A. 22-3504(1) do not appear in 22-3504(2). If there was an error in the judgment form, it could be corrected by nunc pro tunc order under this provision without a hearing by the judge who imposed the sentence. If the record of judgment is incorrect, the sentencing judge not only has the right but is under a duty to correct the judgment order. The sole purpose of 22-3504(2), authorizing a motion for correction of sentence, is to

minimize difficulties encountered in a 60-1507 action by affording the same rights in the original criminal action.

There was no error in the judgment form. The defendant has testified at least three times that he was the triggerman in the crime. He filed an affidavit in *State v. Littlejohn*, 236 Kan. 497, 498, 694 P.2d 403 (1984), stating that he shot the victim in self-defense. On March 5, 1984, the defendant filed a motion pursuant to K.S.A. 60-1507. Attached to the motion was the affidavit of a Jesse Thomas, in which Jesse Thomas alleged that he was told by the defendant that the defendant had shot the victim.

Under the common law and earlier Kansas statutes, there was a distinction between principal in the first degree, principal in the second degree and accessories before the fact. Though the parties to the crime were labeled differently, they traditionally have been punished in the same manner, without regard to the extent of their participation in the crime. See *State v. Turner*, 193 Kan. 189, 392 P.2d 863 (1964).

A principal in a crime must be actually or constructively present, aiding and abetting the commission of the offense. It is not necessary that one do some act at the time in order to constitute him a principal, but he must encourage its commission by acts or gestures, either before or at the time of the commission of the offense, with full knowledge of the intent of the persons who commit the offense. He must do some act that is in furtherance of the offense.

An aider or abettor is one who advises, counsels, procures, or encourages another to commit a crime. A person is an aider and abettor if he or she actively assists in planning and preparing for the perpetration of a crime and assumes a station with the knowledge of the perpetrators where he or she may be able to assist either in the commission of the crime or in the escape immediately following the perpetration of the crime. An aider and abettor need not know that the activity constitutes a crime. It is enough that he or she knows facts that are essential to constitute the activity as a crime. See generally *State v. Schriner*, 215 Kan. 86, 523 P.2d 703 (1974).

In felony-murder cases, the elements of malice, deliberation and premeditation which are required for murder in the first degree are deemed to be supplied by felonious conduct alone if a

homicide results. To support a conviction for felony murder, all that is required is to prove that a felony was being committed, which felony was inherently dangerous to human life, and that the homicide which followed was a direct result of the commission of that felony. *State v. Underwood,* 228 Kan. 294, 302-303, 615 P.2d 153 (1980). In a felony-murder case, evidence of who the triggerman is is irrelevant and all participants are principals. *State v. Myrick & Nelms,* 228 Kan. at 416.

Here all the participants in the attempted armed robbery of the pawnshop were equally guilty of the felony murder, regardless of who fired the fatal shot. Under the felony-murder rule, an armed principal in an aggravated robbery cannot be an aider and abettor. There is no basis to suggest that the defendant in this case should have been identified as an aider and abettor on the judgment form. Even if he had not sworn on several occasions that he was the triggerman, a participant in a felony murder cannot be an aider and abettor. Therefore, there was neither an illegal sentence which could have been corrected under 22-3504(1) nor an error which could have been corrected under 22-3504(2). Since the defendant had no basis for his motion, the court did not err in denying the defendant a hearing on his motion.

The judgment is affirmed.