No. 74,485

STATE OF KANSAS, *Appellee*, v. BRIAN K. LITTLEJOHN, *Appellant*.

(925 P.2d 839)

Opinion filed October 25, 1996.

*Thomas Jacquinot*, special appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Thomas J. Schultz*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the defendant, Brian K. Littlejohn, from the denial of his motion to determine status, nunc pro tunc. In 1981, Littlejohn participated in a robbery. The robbery victim was killed during the course of the robbery. Littlejohn was convicted of attempted aggravated robbery and first-degree felony murder. These convictions were affirmed by this court in an unpublished opinion filed in 1982. Littlejohn also filed a motion for a new trial, which was denied, and the denial was affirmed in *State v. Littlejohn*, 236 Kan. 497, 694 P.2d 403 (1984).

In this case, Littlejohn requested that the journal entry of his convictions be altered to indicate, in accordance with K.S.A. 21-4620(a)(2)(C), that he had only been convicted as an aider or abettor, not as a principal, in the 1981 case. The trial court denied this motion based on *State v. Thomas*, 239 Kan. 457, 720 P.2d 1059 (1986).

Littlejohn concedes that for him to be successful on appeal, this court must overrule or modify *State v. Thomas*. Interestingly enough, Thomas' convictions and appeal arose out of the same attempted robbery and murder as Littlejohn's convictions. It ap-

pears to be without question that Thomas is the one who fired the fatal shots during the attempted robbery.

In *Thomas*, Justice Lockett, writing for the court, held: "In a felony-murder case, evidence of who the triggerman [was] is irrelevant and all participants are principals." 239 Kan. at 462 (citing *State v. Myrick & Nelms*, 228 Kan. 406, 416, 616 P.2d 1066 [1980]). He went on to say that even though Thomas may have fired the fatal shots, "a participant in a felony murder cannot be an aider [or] abettor." 239 Kan. at 462.

In summary, this court held in the *Thomas* case that a participant in a felony murder cannot be an aider or abettor and should not be identified as a aider or abettor on a judgment form.

We decline to reverse or modify our holding in *State v. Thomas*.

Affirmed.