**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN K. LITTLEJOHN,

  Petitioner - Appellant,

v.

DAVID R. MCKUNE; ATTORNEY
GENERAL OF KANSAS,

  Respondents - Appellees.

No. 99-3360
(D.C. No. 97-3445-DES)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

  Petitioner Brian K. Littlejohn, appearing pro se, seeks a certificate of appealability following the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because he has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), we decline to issue a certificate of appealability and dismiss the petition.

---

  [*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A Kansas jury convicted petitioner of attempted aggravated burglary and felony murder. Following his conviction and unsuccessful direct appeal, petitioner filed a motion for modification of the judgment form to indicate that he was convicted as an aider and abettor and not a principal. See Kansas v. Littlejohn, 925 P.2d 839, 840 (Kan. 1996). Such a modification would allegedly have afforded him earlier parole eligibility under Kan. Stat. Ann. § 22-3717. The Kansas Supreme Court affirmed the denial of this motion on the ground that, under Kansas law, "a participant in a felony murder cannot be an aider or abettor and should not be identified as a [sic] aider or abettor on a judgment form." Littlejohn, 925 P.2d at 840.

In his subsequent application for state post-conviction relief, petitioner argued that, in light of Littlejohn, the jury was improperly instructed that it could find him guilty of felony murder if he aided and abetted the principal in the commission of the crime. He also alleged ineffective assistance of trial and appellate counsel. The Kansas district court denied relief, and petitioner filed a notice of appeal. He failed to docket the appeal in a timely manner, however, and the appeal was dismissed.

In the instant petition for a writ of habeas corpus, petitioner reverts to his earlier argument: he was convicted as an aider and abettor in the felony murder and the state courts' failure to modify accordingly his judgment form denied him

- 2 -

an earlier parole eligibility date. The district court held that petitioner had failed to properly exhaust this claim and, in the alternative, his claim was meritless.

We agree with the district court that, even if petitioner's claim is properly preserved, it fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); see also 28 U.S.C. § 2254(b)(2) (permitting denial of a petition for a writ of habeas corpus on the merits, even if the petitioner has not exhausted state remedies). In Littlejohn, the Kansas Supreme Court applied state law when it held that the judgment form was correct because "'a participant in a felony murder cannot be considered an aider or abettor.'" Littlejohn, 925 P.2d at 840 (quoting Kansas v. Thomas, 720 P.2d 1059, 1063 (1986)). The interpretation and application of state law does not give rise to an action under § 2254 absent a constitutional violation. See 28 U.S.C. § 2254(d)(1).

Petitioner's twofold attempt to manufacture a constitutional claim is unavailing. First, he asserts that the jury instructions were worded in such a way as to permit the jury to render a verdict of guilty on the charge of felony murder without finding the requisite criminal responsibility, in violation of his due process rights. See In re Winship, 397 U.S. 358, 363-64 (1970). On the contrary, the jury instructions properly stated the law as to each element of felony murder. Second, he contends the holding in Littlejohn deprived him of a constitutionally protected liberty interest in an earlier parole eligibility date. However, because

the language of the relevant Kansas statute was discretionary insofar as it authorized but did not require early parole, it did not give rise to a protected liberty interest.  See Fox v. Stotts, No. 99-3231, 2000 WL 84899, slip opinion at 5 (10th Cir. Jan. 27, 2000).  We conclude that petitioner has failed to make the required substantial showing of the denial of a constitutional right.

The application for a certificate of appealability is **DENIED** and this matter is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge