IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,828

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY S. SMITH,
*Appellant*.

SYLLABUS BY THE COURT

1.

A criminal defendant's failure to raise the issue of jail credit on direct appeal does not foreclose a motion under K.S.A. 22-3504(2).

2.

A court liberally construes pro se pleadings. That said, a pro se movant still bears the burden to allege facts sufficient to warrant relief. Thus, a criminal defendant must allege a clerical error in a motion filed under K.S.A. 22-3504(2).

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 6, 2016. Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed May 31, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Angela Michelle Davidson*, of Lawrence, argued the cause, and *Samuel Schirer*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

1

PER CURIAM: Anthony Smith seeks the reversal of the district court's summary dismissal of his pro se Motion for Jail Credit. The district court held it lacked jurisdiction to consider Smith's motion, and the Court of Appeals affirmed. *State v. Smith*, 113,828, 2016 WL 2609643 (Kan. App. 2016) (unpublished opinion). Smith seeks review, arguing the district court and appellate courts have jurisdiction under the nunc pro tunc provision in K.S.A. 22-3504(2). That provision states: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court *at any time* and after such notice, if any, as the court orders." (Emphasis added.)

We conclude the words "at any time" means Kansas courts, with some exception, have jurisdiction to determine whether a clerical error occurred even after the time for an appeal has passed. Here, that means courts can consider Smith's motion. But Smith has the burden to allege facts supporting an allegation that a clerical error occurred. And he has not met this burden.

We therefore affirm the district court and the Court of Appeals.

FACTS AND PROCEDURAL HISTORY

In 1984, the State charged Smith with two counts of burglary and one count of felony theft in case number 84CR1626 (the '84 case). He pleaded guilty to one of the burglary counts and to the theft count. The district court subsequently sentenced Smith to 3 years of probation, with concurrent, underlying prison terms of 1-to-10 years on the burglary count and 1-to-5 years on the theft count. Neither the court nor the parties addressed jail credit at the sentencing hearing or in the journal entry of judgment.

2

A few months later, Smith also pleaded guilty to charges of burglary and theft in a separate case, 85CR133 (the '85 case). The record for this appeal in the '84 case includes some documents from the '85 case, and there are references in the '84 case's documents to the '85 case. We thus know that the district court placed Smith on probation in the '85 case as well.

In February 1986, Smith violated his probation in the '84 case. The district court revoked probation and imposed the underlying sentence. Smith successfully moved to modify his sentence, and the district court again placed Smith on probation. About three months later, he violated his probation again, and the court revoked his probation and imposed the prison sentence in both the '84 and the '85 cases. The journal entry entered in each case reflects that the district court granted Smith credit for time he spent in custody by adjusting the sentence begins dates. Later, the district court denied Smith's motion to modify his sentence. Smith did not appeal the revocation of his probation in the '84 case or the calculation of his jail credit.

About 30 years later, in August 2014, Smith filed a pro se motion for jail credit. He alleged he is entitled to credit for 14 months and 2 days for time spent in the Sedgwick County Community Correction Residential Facility and for 96 more days spent in jail. The parties and the district court have used the shorthand of "jail credit" for both types of custody, and we will do the same. The way in which jail credit is reflected in a journal entry is by the court setting a sentence begins date based on counting back in time from the sentencing date by the number of days' credit awarded. See K.S.A. 2018 Supp. 21-6615. According to Smith, his sentence begins date in the '84 case should have been December 23, 1984, rather than May 21, 1986. To support this computation, Smith sets out the dates he claims to have been in the residential facility and to have spent in jail.

3

The district court denied the motion, concluding: "Any jail credit issue [is] waived at this point." In support of its conclusion, the district court cited *State v. Muldrow*, No. 107,291, 2013 WL 1149704 (Kan. App. 2013) (unpublished opinion). The *Muldrow* panel held that a defendant must raise through a direct appeal any issue about the calculation of a sentence begins date; otherwise, the defendant waives the issue. Thus, under *Muldrow*'s holding, a court lacks jurisdiction over a motion for jail credit filed after the time for a direct appeal has expired. 2013 WL 1149704, at *2.

Smith appealed. Appellate counsel asked the Court of Appeals to interpret broadly Smith's pro se motion as a K.S.A. 60-1507 motion or a motion for a nunc pro tunc order under K.S.A. 22-3504(2). The Court of Appeals panel affirmed the district court, citing several reasons Smith could not succeed. *Smith*, 2016 WL 2609643, at *3-4.

The panel first noted a criminal defendant's challenge to jail credit does not fall within a claim of an illegal sentence that a defendant can raise at any time under K.S.A. 22-3504(1). *Smith*, 2016 WL 2609643, at *3 (citing *State v. Lofton*, 272 Kan. 216, Syl. ¶ 1, 32 P.3d 711 [2001]).

Second, the panel concluded both substantive and procedural deficiencies prevented treating the motion as one filed under K.S.A. 60-1507. As to the substantive reason, the panel cited caselaw holding jail credit motions do "not fall within the confines of K.S.A. 60-1507 as a means of attacking an unconstitutional sentence." 2016 WL 2609643, at *3 (citing *Muldrow*, 2013 WL 1149704, at *3; *State v. Chambers*, No. 100,493, 2009 WL 2436683 [Kan. App. 2009] [unpublished opinion], *rev. denied* 289 Kan. 1281 [2010]). Addressing the procedural bar, the panel held Smith's motion was untimely and Smith made no claim that manifest injustice excused the untimely filing. *Smith*, 2016 WL 2609643, at *3.

Third, the panel rejected Smith's claim that he could pursue receiving more jail credit through a nunc pro tunc motion filed under K.S.A. 22-3504(2). The panel agreed with Smith that this court's opinion in *State v. Guzman*, 279 Kan. 812, 813-16, 112 P.3d 120 (2005), reached the merits of Jaime Guzman's nunc pro tunc motion for jail credit. The panel noted, however, that the *Guzman* court did not discuss or rule on the question of jurisdiction. The panel then addressed another decision of this court, *Lofton*, 272 Kan. 216. There, Jackie Lofton labeled his motion for jail credit as a nunc pro tunc motion. But "the Supreme Court agreed with the district court that the motion was not properly before the court. 272 Kan. at 217." *Smith*, 2016 WL 2609643, at *3. Finally, the panel concluded Smith's motion "cannot be fairly construed as a nunc pro tunc motion authorized under K.S.A. 22-3504(2). . . . Smith's motion requests almost 18 months of additional jail credit, and he makes no claim that his failure to receive the credit was the result of a clerical error." *Smith*, 2016 WL 2609643, at *3.

Fourth, the panel concluded Smith's challenge to the jail credit award was barred by principles of res judicata and waiver, citing *Muldrow*, *State v. Blazier*, No. 110,070, 2014 WL 4916599 (Kan. App. 2014) (unpublished opinion), and *State v. Olson*, No. 102,226, 2010 WL 2978044 (Kan. App. 2010) (unpublished opinion). It also relied on this court's description of res judicata in *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). The panel noted Smith had the opportunity to challenge the jail credit awarded in the two journal entries following his probation revocations, but he did not. The panel concluded Smith waived his right to challenge his jail credit by waiting past the time for a direct appeal to challenge the journal entries. *Smith*, 2016 WL 2609643, at *4.

Alternatively, the panel concluded Smith failed to carry his burden to show he was entitled to additional jail credit. The panel noted Smith concurrently served time on at least two different cases, possibly more, during the relevant period. Smith failed to

5

establish any jail credit sought was solely attributable to the '84 case. *Smith*, 2016 WL 2609643, at \*4.

Smith petitioned for review "to resolve whether courts have jurisdiction to review post-conviction jail credit motions." Smith asked this court to resolve a conflict among Court of Appeals panels on this issue. Smith pursued no argument he was entitled to relief under K.S.A. 60-1507 or under K.S.A. 22-3504(1) (correcting illegal sentences) in his petition for review.

After his petition, Smith filed a Supreme Court Rule 6.09 (2019 Kan. S. Ct. R. 39) letter alerting this court to *State v. Storer*, 53 Kan. App. 2d 1, 382 P.3d 467 (2016), which also addresses jurisdiction to consider jail credit motions under K.S.A. 22-3504(2). Although we received the Rule 6.09 letter, neither Smith nor the State addressed *Storer* at oral argument.

ANALYSIS

Smith's pro se motion for jail credit ultimately puts into issue whether he received appropriate credit for time spent in confinement or a community corrections residential services program. K.S.A. 2018 Supp. 21-6615, formerly K.S.A. 21-4614, requires the sentencing judge to award a defendant credit for time spent in custody while awaiting disposition of his case. *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 (2004). But "'[a] defendant is not entitled to credit on a sentence for time which he has spent in jail upon other, distinct, and wholly unrelated charges.'" *Denney*, 278 Kan. at 648 (quoting *Campbell v. State*, 223 Kan. 528, Syl. ¶ 2, 575 P.2d 524 [1978]). Summarizing the applicable principles, the *Denney* court held: "'The provisions of K.S.A. 21-4614 are mandatory and require that a criminal defendant sentenced to incarceration be given credit for all time spent in custody *solely* on the charge for which he is being sentenced.'"

6

(Emphasis added.) 278 Kan. at 648 (quoting *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 [1983]).

Before we can address the ultimate question of jail credit, however, we must consider our jurisdiction. As noted, both the district court and the Court of Appeals determined Smith failed to establish a jurisdictional basis for his motion for jail credit. Smith argues those courts had—and now this court has—jurisdiction under K.S.A. 2018 Supp. 22-3504(2).

This issue becomes important because Kansas courts have only the judicial power to hear those matters over which they have jurisdiction. That jurisdiction derives from Article 3, sections 1, 3, and 6 of the Kansas Constitution, which generally grant the State's judicial power through jurisdiction as provided by law. See *State v. Dunn*, 304 Kan. 773, 811, 375 P.3d 332 (2016). The usual mechanism for the law to define that jurisdiction is through statutes. See *State v. Dupree*, 304 Kan. 43, 53, 371 P.3d 862 (2016) (addressing appellate jurisdiction); *State v. Valladarez*, 288 Kan. 671, 675, 206 P.3d 879 (2009) (addressing subject matter jurisdiction of district courts).

Generally, under the applicable statutes, once a district court enters a valid judgment and the time for appeal has expired, a district court lacks jurisdiction to consider a postconviction motion. See *State v. Hemphill*, 286 Kan. 583, 588, 186 P.3d 777 (2008). And Smith's time to take a direct appeal expired about 30 years before he filed his motion for jail credit. But the Legislature has created a few exceptions to this general rule. No exception explicitly mentions a motion to grant jail credit. The panel thus discussed those statutes that might be general enough to incorporate a jail-credit motion, including K.S.A. 60-1507 and K.S.A. 22-3504. The second of these statutes, K.S.A. 22-3504, addresses two types of motions. The first, provided for in 22-3504(1), relates to a motion to correct illegal sentence. The second, provided for in 22-3504(2),

7

allows for a nunc pro tunc order to correct a clerical error. The panel concluded none of these exceptions applied to Smith's motion.

Smith has not asked us to review the Court of Appeals' holdings that jurisdiction did not arise under K.S.A. 60-1507 or K.S.A. 22-3504(1). He has thus waived any objection to the panel's conclusions that he is not entitled to relief under these provisions. *State v. Fleming*, 308 Kan. 689, 692-93, 423 P.3d 506 (2018). As a result, the only jurisdiction question presented is whether the nunc pro tunc provision of K.S.A. 22-3504(2) grants us jurisdiction to review the amount of jail credit given 30 years ago.

In determining whether the district court erred in summarily denying Smith's motion based on the reasoning that K.S.A. 22-3504(2) does not allow courts to exercise jurisdiction over Smith's motion, we apply an unlimited, de novo standard of review. See *Landrum v. Goering*, 306 Kan. 867, 872-73, 397 P.3d 1181 (2017) (discussing standard of review for statutory interpretation); *State v. Neal*, 292 Kan. 625, 629, 258 P.3d 365 (2011) (discussing standard of review when appeal concerns summary dismissal of motion to correct illegal sentence under K.S.A. 22-3504[1]); *State v. Ellmaker*, 289 Kan. 1132, Syl. ¶ 6, 1147, 221 P.3d 1105 (2009) (discussing standard of review for issues of jurisdiction); *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007) (discussing standard of review when appeal concerns summary dismissal of K.S.A. 60-1507 motion); see also *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004) ("If the district court's order was entered without jurisdiction, then an appellate court does not acquire jurisdiction on appeal. . . . [And if] the district court does not have jurisdiction to modify a sentence [because] the sentence is not illegal . . . an appellate court lacks jurisdiction on appeal.").

All statutory analysis begins with the fundamental principle of statutory interpretation: Legislative intent governs. And the best and safest rule for determining

8

that intent is to apply the statute's plain and unambiguous language. When the statutory language is clear, we do not move on to other methods for discerning statutory meaning. *Landrum*, 306 Kan. at 872-73.

*Clerical errors in judgments may be raised at any time, not only on direct appeal.*

Applying these rules, we determine the district court and the Court of Appeals erred in holding K.S.A. 22-3504(2) did not grant jurisdiction to resolve Smith's motion. Those courts applied the general rule that district courts lose jurisdiction over a criminal case once the judgment becomes final. In other words, the district court lost jurisdiction over any complaints Smith had about the judgment when the time for his direct appeal had passed. And the Court of Appeals lacked jurisdiction when Smith did not timely present the issue on direct appeal. The district court cited *Muldrow*, 2013 WL 1149704, to support this conclusion. The Court of Appeals panel added additional authorities, noting *Muldrow* is consistent with the decisions of other Court of Appeals panels in *State v. Blazier*, No. 110,070, 2014 WL 4916599 (Kan. App. 2014) (unpublished opinion), and *State v. Olson*, No. 102,226, 2010 WL 2978044 (Kan. App. 2010) (unpublished opinion). *Smith*, 2016 WL 2609643, at *4.

Stepping away from the *Smith* panel's reasoning for a moment, we note that other cases not cited by the panel reach the same conclusion that a defendant must raise the issue of jail credit through a timely direct appeal or the defendant waives any complaint about the calculation. E.g., *State v. Burnett*, No. 112,681, 2016 WL 197787 (Kan. App. 2016) (unpublished opinion); *State v. Brown*, No. 111,052, 2015 WL 1782643 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. 1012 (2015); *State v. Arculeo*, No. 110,974, 2015 WL 569396 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. 1012 (2015); *State v. Lakin*, No. 111,060, 2014 WL 5313708 (Kan. App. 2014)

(unpublished opinion); *State v. Walker*, No. 109,309, 2014 WL 902153 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1052 (2015).

But other panels have disagreed. In doing so, some panels cite *Guzman*, 279 Kan. at 813-16, and *State v. Harper*, 275 Kan. 888, 69 P.3d 1105 (2003), in which this court addressed jail credit issues without discussing jurisdiction. E.g., *Storer*, 53 Kan. App. 2d at 7. *Storer* also rejected the *Muldrow* line of cases and held the plain language of K.S.A. 22-3504(2) allows courts to address a motion for jail credit at any time. 53 Kan. App. 2d at 3-5. Yet another panel reasoned that "[b]ased on the mandatory language of K.S.A. 2014 Supp. 21-6615(a), a trial court has both the jurisdiction and the duty to correct judgments relative to earned, but not awarded, jail credits." *State v. Mitchell*, No. 111,863, 2015 WL 5927041, at *4 (Kan. App. 2015) (unpublished opinion).

Returning to the reasoning of the *Smith* panel, in siding with those panels that have held jurisdiction did not exist, it also observed that the *Muldrow* line of cases is consistent with the doctrines of waiver and res judicata. To support this conclusion, the panel cited *Kingsley*, in which this court held: "[W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived." *Kingsley*, 299 Kan. at 901. *Kingsley*, however, did not address application of K.S.A. 22-3504(2).

In fact, until today, this court has not considered if the general res judicata rule stated in *Kingsley* applies when K.S.A. 22-3504(2) serves as the basis of a motion for jail credit. Nor have we directly addressed the *Muldrow* line of cases. We have, however, interpreted the similar language of K.S.A. 22-3504(1).

10

Both subsections (1) and (2) of K.S.A. 2018 Supp. 22-3504 state that the court may make a sentence correction "at any time" if the other circumstances specified in the subsection apply. Addressing 22-3504(1), we have held the State's similar reliance on the res judicata doctrine as a bar to our consideration of a motion to correct an illegal sentence is "unavailing" because of the "at any time" language. *State v. Dickey*, 305 Kan. 217, 222, 380 P.3d 230 (2016). But we have held this does not mean a defendant can repeatedly raise the same issue. See *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008) (holding a motion for illegal sentence under 22-3504[1] "may not be used to breathe new life into an appellate issue previously adversely determined"). Instead, the Legislature simply intended to allow a defendant to raise an issue relating to the correction of a sentence for the first time at any time—even beyond the time for filing a direct appeal.

Here, Smith had not previously argued that the district court had improperly credited his jail time when calculating the date on which his sentence began. Thus, we conclude the doctrines of waiver and res judicata did not prevent the district court, the Court of Appeals, or now this court from exercising jurisdiction over Smith's pro se motion. See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) (rejecting argument that motion to correct illegal sentence was procedurally barred when issue could have been raised on direct appeal but was not); see also *State v. Bailey*, 306 Kan. 393, 394 P.3d 831 (2017) (concluding clerical error that triggered wrongful collection of prisoner's money could be corrected under K.S.A. 22-3504[2]).

We hold Smith's failure to raise the issue of jail credit on direct appeal does not foreclose a motion under K.S.A. 2018 Supp. 22-3504(2). The district court and the Court of Appeals erred by holding Smith had waived his jail credit arguments by not raising them on direct appeal and could not bring them under 22-3504(2). See *State v. Vanwey*, 262 Kan. 524, 528-29, 941 P.2d 365 (1997). Through this holding, we disapprove of the

11

contrary holdings in *Smith*, *Muldrow*, *Blazier*, *Olson*, *Burnett*, *Brown*, *Arculeo*, *Lakin*, *Walker*, and any other Court of Appeals decision holding that a criminal defendant cannot move for correction of his or her jail credit if the defendant failed to raise the issue in a direct appeal.

*Smith's motion does not present a clerical error.*

The *Smith* panel addressed several alternative reasons for upholding the district court's summary dismissal of Smith's claim, including whether the motion fit within K.S.A. 2018 Supp. 22-3504(2). The panel held "Smith's motion for jail credit cannot be fairly construed as a nunc pro tunc motion authorized under K.S.A. 22-3504(2)." *Smith*, 2016 WL 2609643, at *3. The panel noted: "Smith's motion requests almost 18 months of additional jail credit, and he makes no claim that his failure to receive the credit was the result of a clerical error." 2016 WL 2609643, at *3. Given those circumstances, the panel concluded "Smith cannot properly challenge his jail credit award through a nunc pro tunc motion." 2016 WL 2609643, at *3.

We, too, address this alternative argument because appellate courts may affirm a district court as right for the wrong reason if an alternative basis exists for the district court's ruling. See *State v. Reid*, 286 Kan. 494, 510, 186 P.3d 713 (2008) ("'"[T]he trial court will not be reversed if it is right, albeit for the wrong reason."'").

So did Smith properly raise a nunc pro tunc motion to correct his illegal sentence? By the plain language of K.S.A. 2018 Supp. 22-3504(2), it applies only to a clerical mistake in the judgment, order, or other part of the record, or to an error in the record resulting from oversight or omission. We have defined a clerical mistake to include "'typographical errors, incorrect statute numbers, failure to include the statute number, failure to state additional true matter, formal or clerical errors and entries concerning

12

matters of procedure.'" *State v. Bailey*, 306 Kan. 393, 398, 394 P.3d 831 (2017) (quoting *State v. Thomas*, 239 Kan. 457, 460, 720 P.2d 1059 [1986]). When a court has made such a mistake, the court can file an amended order, often called a nunc pro tunc order. *Thomas*, 239 Kan. at 460. We have explained that "[t]he purpose of a *nunc pro tunc* order is to provide a means of entering the actual judgment of the trial court which for one reason or another was not properly recorded. The right to make the order is based on the failure to accurately record the court's decision." *Wallace v. Wallace*, 214 Kan. 344, 348-49, 520 P.2d 1221 (1974).

In *State v. Mebane*, 278 Kan. 131, 136, 91 P.3d 1175 (2004), we applied that definition and considered the purpose of a nunc pro tunc order in the context of a motion to correct the amount of jail credit. The application of that case to Smith's motion is not straightforward, however. There, although Tyrone Mebane's written motion sought a nunc pro tunc order accurately setting out the date on which his sentence began, that argument changed during proceedings. After the district court denied the motion and Mebane appealed, he used the motion as a vehicle to argue the Kansas Parole Board had improperly computed his controlling sentence. Citing *Vanwey*, 262 Kan. 524, Syl. ¶ 2, we held Mebane's argument was unrelated to correcting a clerical error and he, therefore, could not use 22-3504(2) as a basis for resolving an issue that related to his parole eligibility.

In *Vanwey*, the court had entered a nunc pro tunc order changing consecutive sentences, which the court had orally announced, to concurrent sentences. This court held the substantive change in the court's ruling was not the correction of a clerical error. In other cases, we have distinguished clerical errors from judicial errors:

> "'A *nunc pro tunc* order may not be made to correct a judicial error involving the merits,
> or to enlarge the judgment as originally rendered, or to supply a judicial omission, or an

13

affirmative action which should have been, but was not, taken by the court, or to show what the court should have decided, or intended to decide, as distinguished from what it actually did decide. The power of the court is limited to making the journal entry speak the truth by correcting clerical errors arising from oversight or omission and it does not extend beyond such function.'" *In re Marriage of Leedy*, 279 Kan. 311, 315, 109 P.3d 1130 (2005) (quoting *Book v. Everitt Lumber Co., Inc.*, 218 Kan. 121, 125, 542 P.2d 669 [1975]).

Consistent with these statements, we have repeatedly denied criminal defendants relief when they request a nunc pro tunc order to correct a lower court's substantive or merits determination. E.g., *State v. Potts*, 304 Kan. 687, 708-09, 374 P.3d 639 (2016) (refusing to grant nunc pro tunc motion when challenged journal entry reflected sentence pronounced from bench); *Thomas*, 239 Kan. at 462 (rejecting Thomas' argument that nunc pro tunc order could change judgment to reflect his liability as an aider and abettor rather than as a principal).

The Court of Appeals decision affirming the district court tracks with these holdings. The panel succinctly stated: "Smith's motion requests almost 18 months of additional jail credit, and he makes no claim that his failure to receive the credit was the result of a clerical error." 2016 WL 2609643, at *3. Certainly, this court liberally construes pro se pleadings. "Nevertheless, a pro se movant still bears the burden to allege facts sufficient to warrant" relief. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018). Here, the record establishes that Smith was in custody on at least one other case during some of the time he claims should be credited in this case. This means that to grant Smith's motion we would have to make a substantive ruling and perhaps even overrule a long line of cases under which he can get credit only if he was solely held on the '84 case. See, e.g., *Denney*, 278 Kan. at 648. Further, a criminal defendant must allege a factual basis supporting an allegation of a clerical error if seeking relief under K.S.A. 2018 Supp. 22-3504(2). Here, Smith makes conclusory statements, presents no

14

evidentiary support, and provides nothing in the record that reveals relief is warranted. Thus, we agree that summary dismissal was warranted.

Decision of the Court of Appeals affirming the district court is affirmed. The district court is affirmed.

\* \* \*

LUCKERT, J., concurring in part and dissenting in part:  I agree with the majority's conclusion that Anthony Smith's failure to raise the issue of jail credit on direct appeal did not result in a waiver of the issue if relief is sought under K.S.A. 22-3504(2). But I disagree with the majority's conclusion that the district court can be affirmed because Smith failed to allege a jurisdictional basis for his motion.

Smith set out a detailed explanation of his calculation of the jail credit he believes the district court should have awarded. The State responded, raising only the legal argument that Smith had waived his ability to challenge the calculation of jail time by not appealing on that issue. Thus, the parties have not yet argued about whether Smith's allegations fall within the category of a clerical error or whether Smith's calculation has merit. Nor have the parties developed arguments about whether this court should adopt the Court of Appeals decision in *State v. Storer*, 53 Kan. App. 2d 1, 382 P.3d 467 (2016). Under that holding, Smith certainly said enough in his motion for a court to have jurisdiction under K.S.A. 22-3504(2).

In *Storer*, the Court of Appeals panel held that "unless the district court has previously made a considered (and unappealed) ruling on the jail-time-credit issue after hearing the position of both sides on the matter, the jail-time-credit ruling can be amended on a motion under K.S.A. 22-3504(2) 'at any time.'" 53 Kan. App. 2d at 3. The

15

*Storer* panel noted: "Black's Law Dictionary defines a 'clerical error' as one 'resulting from a minor mistake or inadvertence and not from judicial reasoning or determination.' Black's Law Dictionary 659 (10th ed. 2014)." 53 Kan. App. 2d at 4. It then observed:

> "[T]here's no indication in our record that the parties ever presented differing views to the district court about how much jail-time credit should be awarded. Nor is there any indication in our record that the district court deliberately made some decision on the jail-time-credit issue. If the judge has not made any deliberative decision, the hallmark of the judicial function, then entering numbers on the form for jail-time credit is a clerical function, even though it was a judge who ultimately signed that written order." 53 Kan. App. 2d at 5.

See *State v. Floyd*, No. 115,699, 2016 WL 7179332 (Kan. App. 2016) (unpublished opinion) (adopting *Storer*'s holding and analysis).

Valid reasons exist for rejecting this approach. But until we settle whether we adopt this holding or adopt some other standard, I do not see how we can evaluate Smith's motion. Both his motion and the record before us suggest the court made no "deliberative decision" about the calculation of Smith's jail credit. Further, the majority seems to demand that a pro se litigant use the magical words of "clerical error" and meet an evidentiary standard of some sort when using 22-3504(2) as a jurisdictional basis. But this court's caselaw regarding 22-3504(2) is sparse and has never stated pleading or evidentiary standards for establishing a clerical error. The statute is also silent about the procedure to be used when applying the statute. Smith should not be held to an undefined standard. While the law may develop to impose specific pleading requirements, those requirements are not settled. And as of yet, this court has not eliminated a *Storer*-like approach. At a minimum, Smith has done as much as Andrew Storer.

Further, the merits of Smith's motion cannot be determined on the record before us. As the majority suggests, it appears a change in caselaw may be necessary before Smith could be given all the jail credit he seeks. But the record does not establish that he was being held on multiple cases at all times. Thus, it does not eliminate the possibility that Smith is entitled to a credit for some of the time he sets out. He has presented factual questions that should be resolved before the district court. See *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018) (on appeal of summary denial of motion to correct an illegal sentence, an appellate court must determine whether the motions, records, and files conclusively show the defendant is not entitled to relief). Smith's motion and the record on appeal do not conclusively foreclose the possibility of relief.

Finally, although Smith has not preserved the issue of whether he received an illegal sentence, on remand that issue might be rejuvenated. Here, the Court of Appeals cited *State v. Lofton*, 272 Kan. 216, 32 P.3d 711 (2001), to hold a challenge to a sentence begins date is not a claim that a sentence is illegal under K.S.A. 22-3504(1). 2016 WL 2609643, at *3. But *Lofton* addressed a sentence imposed in 1984. And another case often cited for the same holding, *State v. Cockerham*, 266 Kan. 981, 985, 975 P.2d 1204 (1999), addressed a sentence imposed in 1988. Both decisions interpret and apply statutes that predate the effective date of the Kansas Sentencing Guidelines Act (KSGA), K S.A. 21-4701 et seq., in 1993. Changes in the law and our decisions in *State v. Gaudina*, 284 Kan. 354, 358-59, 160 P.3d 854 (2007), and *State v. Harper*, 275 Kan. 888, 69 P.3d 1105 (2003), suggest the need to examine the relevance of *Lofton*, *Cockerham*, and similar cases to KSGA sentences. Compare K.S.A. 2018 Supp. 22-3717 (d)(1), (q) (applying to sentences for crimes committed after July 1, 1993, and providing that calculations of distinct portions of sentences are keyed to sentence begins date and stating, "Inmates shall be released on postrelease supervision upon the termination of the prison portion of their sentence. Time served while on postrelease supervision will vest.") with K.S.A. 22-3722 (time "served on parole . . . shall be deemed service of the term of confinement").

I would remand to allow the parties to develop their procedural, factual, and legal arguments about whether a clerical error occurred.