NOT DESIGNATED FOR PUBLICATION

No. 119,403

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF HUTCHINSON,
*Appellee*,

v.

BRYCE MATTHEW SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed May 1, 2020. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Michael C. Robinson*, municipal court prosecutor, for appellee.

Before STANDRIDGE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Defendant Bryce Smith was arrested on August 26, 2016, for driving under the influence in violation of the City of Hutchinson's municipal ordinance that in all material respects parallels K.S.A. 2016 Supp. 8-1567. He was later charged and convicted in municipal court and then appealed to the Reno County District Court. Based on stipulated facts, the district court in April 2018 denied Smith's motion to suppress the results of a breath test showing he had a blood-alcohol level of .207 within three hours after driving and then convicted him of violating the city ordinance. Smith has appealed.

1

On appeal, Smith raises four points that to some extent overlap. None has merit. We, therefore, affirm his conviction and sentence. Smith presents these arguments for our consideration:

• The district court declined to suppress the breath test result, finding it was the product of a valid search incident to an arrest and, therefore, an exception to the warrant requirement in the Fourth Amendment to the United States Constitution. On appeal, Smith offers a recondite argument that the Kansas Supreme Court has rejected search incident to an arrest as a valid basis for administering a breath test. He relies heavily on *State v. Ryce*, 306 Kan. 682, 684-85, 692, 698-99, 396 P.3d 711 (2017) (*Ryce II*), and to a much lesser extent on *State v. Nece*, 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*) (adopting reasoning in *Ryce II*). Rather than engage that argument, we hold that the stipulated record supports a finding that Smith knowingly and voluntarily consented to the breath test, another exception to the strictures of the Fourth Amendment. The district court, therefore, reached the correct result in denying the motion to suppress and, in turn, convicting Smith. See *State v. Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019).

To induce persons suspected of driving while intoxicated to agree to take breath tests, the Kansas Legislature in 2012 criminalized the refusal to do so and imposed penalties equivalent to those for a DUI conviction under K.S.A. 8-1567. See L. 2012, ch. 172, §§ 2, 12. The statutes governing implied consent required law enforcement officers to advise drivers of those criminal penalties for refusing. See K.S.A. 2015 Supp. 8-1001(k). In early 2016, the Kansas Supreme Court held those criminal sanctions unconstitutional. Drivers giving consent and, thus, effectively withdrawing their implied consent for breath tests were impermissibly coerced. *State v. Ryce*, 303 Kan. 899, Syl. ¶¶ 9, 12, 368 P.3d 342 (2016) (*Ryce I*); *State v. Nece*, 303 Kan. 888, 889, 367 P.3d 1260 (2016) (*Nece I*).

2

After *Ryce I* and *Nece I* and before Smith's arrest, the State revised the DC-70 form law enforcement officers used to tell drivers about implied and actual consent to breath tests by eliminating references to the criminal penalties for a test refusal. The revised DC-70 form continued to include information on administrative sanctions, including the suspension of driving privileges, that accompany a refusal. Those administrative actions do not render a consent involuntary or otherwise impermissibly coerced. See *Nece I*, 303 Kan. at 895.

On that basis, Smith's active consent to take the breath test was constitutionally valid and his Fourth Amendment rights were not violated. He was not impermissibly coerced since he was never informed of the criminal penalties for refusal the court had held unenforceable months earlier. Accordingly, without considering the Fourth Amendment exception for searches incident to arrest, we find Smith's motion to suppress lacked merit and the district court properly considered the test results in convicting Smith of the municipal DUI charge.

• Smith argues that after the decisions in *Ryce I*, *Ryce II*, *Nece I*, and *Nece II*, the consent statute requires voluntary active consent not merely implied consent. Assuming the premise to be correct for purposes of addressing the issue, the argument fails, since Smith affirmatively and expressly consented to the breath test and did so voluntarily, as we have explained. This case does not rest on implied consent.

• Smith argues the actual language of the implied consent statute in August 2016 was unconstitutional. That's true in the sense the Legislature had not repealed the statutory provision imposing a criminal penalty for a test refusal the court declared unconstitutional in *Ryce I* and *Nece I*. But the provision, having been found facially unconstitutional, was unenforceable. Smith would not have been subject to the criminal penalties had he refused the breath test. And the officer who arrested him did not tell him otherwise.

3

But Smith suggests there was some sort of constitutional or statutory defect inuring to his benefit because K.S.A. 2016 Supp. 8-1001(k) expressly required that he be informed of the criminal penalties and he wasn't—even though those penalties were no longer enforceable. As we have said, the DC-70 form the officer used to advise Smith did not refer to the criminal penalties for a test refusal. So the form did not comply with the literal requirement of K.S.A. 2016 Supp. 8-1001(k), but it did conform to the law governing consent set out in *Ryce I* and *Nece I*. Of course, if Smith had been informed of the unenforceable criminal penalties, his consent to the test would no longer have been voluntary. Smith's curious catch-22 of an argument lacks merit.

At the time of Smith's arrest, K.S.A. 2016 Supp. 8-1001(s) required that no test results be suppressed "because of technical irregularities in the consent or [statutory] notice." A substantially compliant DC-70 form was legally sufficient to give notice. See *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, Syl. ¶ 2, 755 P.2d 1337 (1988) (substantial compliance satisfies notice requirement); *Demague v. Kansas Dept. of Revenue*, No. 109,101, 2013 WL 5975985, at *3 (Kan. App. 2013) (unpublished opinion) (same). We find there were no irregularities (technical or otherwise) in the DC-70 notice read to Smith. Failing to inform someone of an unconstitutional statute can't be an irregular performance of an obligation to provide a substantially accurate statement of the relevant law. Smith's appellate sleight of hand doesn't make it otherwise. Other panels of this court have rejected the same argument or indistinguishable variants of it. See *Ackerman v. Kansas Dept. of Revenue*, No. 118,128, 2018 WL 3673168, at *2-3 (Kan. App. 2018) (unpublished opinion), *rev. denied* 310 Kan. __ (December 27, 2019); *Bynum v. Kansas Dept. of Revenue*, No. 117,874, 2018 WL 2451808, at *3 (Kan. App. 2018) (unpublished opinion); *State v. Barta*, No. 117,990, 2018 WL 1883878, at *5 (Kan. App. 2018) (unpublished opinion); *White v. Kansas Dept. of Revenue*, No. 117,956, 2018 WL 1769396, at *6 (Kan. App. 2018) (unpublished opinion). We join them.

4

• For his final pitch, Smith largely recasts his third argument and points out that test results cannot be used in an administrative license suspension hearing if the law enforcement officer fails to give substantially compliant notice either by omitting salient portions of the DC-70 form or because the form itself is legally deficient. That is true. But Smith doesn't tie the proposition to some additional legal premise relevant here. This is a criminal prosecution, not an administrative hearing. And Smith doesn't identify any particular relief flowing from his argument. We find his position to be nothing more than a rehash of his third point and no more effective.

Smith has not shown the district court erred in denying his motion to suppress or in convicting him of DUI under the Hutchinson ordinance.

Affirmed.