NOT DESIGNATED FOR PUBLICATION

No. 129,314

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

BALDOMERO ARENIVAS-ARMENDARIZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Rice District Court; LEVI MORRIS, judge. Submitted without oral argument. Opinion filed June 26, 2026. Vacated in part and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Remington S. Dalke*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ISHERWOOD and HURST, JJ.

PER CURIAM: After Baldomero Arenivas-Armendariz pleaded guilty to driving under the influence and was unsuccessful on probation, the district court ordered him to serve his underlying 12-month jail sentence. On appeal, Arenivas-Armendariz argues that the district court should have given him more credit toward that sentence for time he spent in jail while his case was pending. After carefully reviewing the record and the parties' arguments, we vacate the district court's jail-credit determination and remand for a hearing on what additional credit, if any, Arenivas-Armendariz is entitled to, based on recent Kansas Supreme Court caselaw.

In June 2022, the State charged Arenivas-Armendariz with driving under the influence (DUI) as a fourth or subsequent offense and driving with a suspended license. Arenivas-Armendariz pleaded guilty to DUI; in exchange, the State dismissed the suspended-license charge and a separate traffic case. The district court sentenced Arenivas-Armendariz to a 12-month jail term. The court then suspended that sentence, granted Arenivas-Armendariz 12 months of probation, and credited his sentence for 3 days he served in jail and the 87 days he spent on house arrest.

Arenivas-Armendariz did not complete his probation. In February 2025, the State moved to revoke probation, alleging that in January 2025 he had committed another DUI, interfered with law enforcement, committed other traffic violations, and failed to make regular payments to the court. The State also alleged that in February 2025, Arenivas-Armendariz failed to report to his probation officer, interfered with law enforcement, escaped from custody, and drove with a revoked or suspended license. After hearing the parties' arguments and finding that Arenivas-Armendariz had violated the terms of his probation, the district court revoked his probation and ordered him to serve his original 12-month jail sentence.

The parties agreed that Arenivas-Armendariz should receive credit toward his sentence for the 87 days on house arrest, as well as 56 other days he spent in jail. The journal entries from the probation revocation and sentencing reflect a credit of 143 days toward his sentence.

On appeal, Arenivas-Armendariz challenges only the district court's jail-credit decision. He argues he should have received 147 *additional* days of jail credit to account for the full period of his incarceration pending disposition of this case. Arenivas-Armendariz acknowledges he did not raise this issue before the district court when the parties originally discussed jail credit. But he contends that review is nonetheless appropriate because the issue presents a question of law based on admitted facts. The

2

State disagrees. It argues that the facts of Arenivas-Armendariz's pretrial incarceration are contested—not admitted—and that sources outside the record demonstrate the parties' dispute over how much additional credit, if any, he should receive.

Ordinarily, an appellate court will not review an issue unless it has been raised and ruled on below. But exceptions to this rule may, under some circumstances, persuade us to review an otherwise unpreserved question. For example, appellate courts sometims have discretion to review a legal issue presented on uncontested facts, when the record is otherwise sufficient to support appellate review. See *Trotter v. State*, 288 Kan. 112, 125, 200 P.3d 1236 (2009). Kansas courts have applied this exception to review jail-credit issues raised for the first time on appeal. See *State v. Ervin*, 320 Kan. 287, 306, 566 P.3d 481 (2025) (finding that an exception to the preservation rule applies because the appellant presented "a question of law involving interpretation of a statute that is presented on admitted facts"). We find our review is similarly appropriate here.

The jail-credit statute in effect at the time a defendant commits the underlying crimes governs the award of credit. *State v. Mitchell*, 66 Kan. App. 2d 196, 206-08, 579 P.3d 970 (2025) (holding that the defendant's jail credit was governed by the statute in effect at the time he committed the crimes), *rev. granted* 321 Kan. 793 (2026). Because Arenivas-Armendariz committed the underlying crimes in March 2022, K.S.A. 2021 Supp. 21-6615(a) controls. That statute states that a defendant's sentence must be credited with an allowance "for the time that the defendant has spent incarcerated pending the disposition of the defendant's case."

Before 2023, Kansas courts interpreted this statute to allow a defendant to receive jail credit only if he or she was held "'solely'" on the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019). Under that interpretation, defendants held in jail on multiple cases would sometimes receive no jail credit for any of them. *State v. Hopkins*, 317 Kan. 652, 657-59, 537 P.3d 845 (2023). In 2023, our Supreme Court

3

overruled that interpretation and held that a "defendant shall be awarded jail time credit for all time spent in custody pending the disposition of his or her case." 317 Kan. at 657. In *Ervin*, the court further clarified that the statute requires defendants to receive jail-time credit for "each day that [a defendant is] incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

The district court's journal entries credited Arenivas-Armendariz with 56 days in custody and 87 days on house arrest. But the record also shows that Arenivas-Armendariz served time in Rice County on other charges without receiving credit in this case. The State concedes that the parties "struggled" to determine the proper amount of jail credit given Arenivas-Armendariz's multiple pending cases in Rice County. The State's brief also references a document outside the record that purports to contradict Arenivas-Armendariz's evidence of the time he served. But this court will not consider documents outside the record on appeal. *State v. Warren*, 302 Kan. 601, 616, 356 P.3d 396 (2015).

Even so, the record before us and the parties' conflicting explanations of it do not allow us to establish how many days Arenivas-Armendariz spent in jail pending disposition of this case. We therefore vacate the jail-credit determination and remand for a hearing on what additional credit, if any, Arenivas-Armendariz is entitled to receive under *Ervin*.

Vacated in part and remanded with directions.