NOT DESIGNATED FOR PUBLICATION

No. 121,689

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDRE D. BAILEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed February 12, 2021. Affirmed.

*Gerard C. Scott*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: We review Andre D. Bailey's second habeas corpus motion challenging his convictions for felony murder, two counts of aggravated robbery, aggravated burglary, and discharge of a firearm into an occupied building—all felonies arising from a home invasion carried out in search of a marijuana stash. The Sedgwick County District Court summarily denied the motion as untimely under K.S.A. 60-1507(f), and Bailey has appealed. Rather than wallow in procedural uncertainties about the motion, we examine the merits of Bailey's claims and find them wanting. We, therefore, affirm the district court's ultimate decision denying Bailey relief.

1

In 2007, Bailey and three cohorts in crime forced their way into a Wichita home and held the residents—a man, a woman, and the woman's three young children—at gunpoint as they searched for what they anticipated would be a large amount of marijuana. Bailey struck the woman who lived there with his pistol and took her purse. His colleagues found what has been described as a single "brick" of marijuana. As they left, Bailey stood on the porch and fired his handgun multiple times through the front door. The man living there was on the other side of the door and was fatally wounded. Bailey and his accomplices drove away and later divvied up the money from the woman's purse and the marijuana.

Bailey was then 17 years old and lived with his mother Terrie Walker. After Bailey had been identified as a suspect in the crime, between 15 and 20 law enforcement officers surrounded Walker's house in the late evening. Nobody was home, so they waited. Walker pulled into the driveway shortly after midnight, and officers immediately surrounded her. During an evidentiary hearing on Bailey's first 60-1507 motion, Walker testified the officers refused to allow her into the house and insisted she sign a consent to search. According to Walker, the officers did not tell her she had a right to decline. Walker signed the consent, although she testified she could not read the document because it was dark outside. The resulting search turned up marijuana belonging to Bailey. Based on that evidence, the State also charged Bailey with possession of marijuana with the intent to distribute and having no drug tax stamps.

Bailey was referred from juvenile court for prosecution as an adult. In 2008, a jury convicted Bailey on all of the charges against him. The trial evidence included testimony from the surviving adult victim of the home invasion and all three of Bailey's accomplices. The district court later sentenced Bailey to life in prison with parole

eligibility after 20 years on the felony-murder conviction to be served consecutive to a controlling prison term of 59 months on the remaining convictions, entailing concurrent sentences on all of them. Bailey appealed, and the Kansas Supreme Court affirmed the convictions and sentences. *State v. Bailey*, 292 Kan. 449, 255 P.3d 19 (2011) (*Bailey I*).

Bailey filed his first habeas corpus motion under K.S.A. 60-1507 asserting a host of grounds for relief from the convictions. Some of points were or could have been raised in Bailey's direct appeal; others asserted Bailey's lawyer provided constitutionally inadequate representation leading up to and during the jury trial. The district court appointed a new lawyer for Bailey and held an evidentiary hearing on the motion. The district court denied Bailey's motion. Bailey appealed that ruling to this court.

We affirmed the district court in all respects except Bailey's claim his trial lawyer should have filed a pretrial motion to suppress the marijuana because Walker's consent may have been coerced. *Bailey v. State*, No. 114,844, 2017 WL 1197240, at *13-14 (Kan. App. 2017) (unpublished opinion) (*Bailey II*). In *Bailey II*, we reversed in part and remanded to the district court for further proceedings to determine whether the trial lawyer's failure amounted to constitutionally inadequately representation and, if so, what prejudice Bailey may have suffered. 2017 WL 1197240, at *14. The Kansas Supreme Court denied Bailey's petition for review in *Bailey II*.

Rather than going forward with the hearing on remand, the State moved to dismiss the marijuana and no drug tax stamp charges against Bailey. The district court granted the State's motion on January 26, 2018, effectively reversing those convictions and vacating the resulting sentences. Bailey's other convictions and sentences remained undisturbed.

Bailey signed his second 60-1507 motion on February 5, 2019, and the district court clerk received it three days later. The district court summarily denied the motion as

untimely without appointing a lawyer for Bailey or holding a hearing. Bailey has appealed the denial of his second 60-1507 motion, and that is what we have in front of us.

LEGAL ANALYSIS

When a district court summarily denies a 60-1507 motion based on its content and the record in the underlying criminal case, we exercise unlimited review on appeal. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). Under K.S.A. 2020 Supp., 60-1507(f)(1)(A) and (2)(A), convicted defendants must file their habeas corpus motions no later than one year after the conclusion of their direct criminal cases unless they can show "manifest injustice," entailing either a legally substantial reason they did not timely file or a demonstrable claim of actual innocence based on newly discovered evidence.

As we explain, Bailey builds his second 60-1507 motion on the State's dismissal of the marijuana and tax stamp charges. Bailey could not have filed his motion before then, so he may have had a year from the dismissal to do so. But he missed that ostensible deadline by a week or so. Kansas courts recognize that prisoners' habeas corpus pleadings are deemed "filed" when given to prison authorities for mailing. *Wilson v. State*, 40 Kan. App. 2d 170, Syl. ¶ 2, 192 P.3d 1121 (2008). The earliest Bailey could have presented his 60-1507 motion for mailing was on February 5, 2019, when he signed it. That's more than a year after the dismissal, and Bailey has offered no explanation for that delay. But, as we have explained, Bailey could not have filed this motion within one year after the conclusion of his direct criminal case. And K.S.A. 60-1507(f) does not impose a deadline for filing a motion tied to a change in the law or some other material development that itself excuses the one-year limitation. Cf. *Beauclair v. State*, 308 Kan. 284, 302-05, 419 P.3d 1180 (2018) (court reverses summary dismissal of 60-1507 motion as successive and untimely based largely on evidence indicative of actual innocence known to movant more than one year before motion filed).

In a memorandum Bailey filed with his second 60-1507 motion, he makes what he characterizes as an argument for his actual innocence that would avert the time limit. The argument is intertwined with the merits of his motion. As we discuss, the motion fails in its substantive claims, and those claims never dispute Bailey committed the criminal acts resulting in his convictions. There is also a sound (and largely unexplored) argument Bailey's motion is impermissibly successive in addition to being untimely. Rather than thrashing around with the procedural obstacles to Bailey's motion, we simply take up the merits.

Bailey's claim for relief depends first on the legal significance of the State's dismissal of the marijuana charge and second on the interlocking nature of most of his convictions. As to the first, Bailey contends the State's decision to dismiss the marijuana charge rather than to continue litigating his original 60-1507 motion on remand amounts to a concession—really an admission—that the district court would have held that he would have prevailed on a pretrial motion to suppress the marijuana as evidence in the criminal case. But Bailey never lays out a developed argument for why that's the appropriate conclusion to draw from the State's dismissal. Expedience would be a perfectly reasonable alternative explanation for the State's decision, especially since the marijuana related convictions made no difference in the overall sentence Bailey had to serve. In our own version of expedience, we indulge Bailey's assumption without imputing any actual legal substance to it.

In turn, Bailey contends that if the marijuana were suppressed as evidence, the charges against him would have fallen like a house of cards. The faulty argument goes like this:

The felony-murder charge was premised on a homicide occurring during the commission of a predicate crime—either aggravated robbery or aggravated burglary. The aggravated robbery entailed the taking of property by a threat of bodily harm, and the

5

property was the brick of marijuana. Likewise, the aggravated burglary entailed entering the house with the intent to commit an aggravated robbery with the marijuana as the prize. So if the marijuana were suppressed as evidence, the State would have had insufficient evidence to prove both those predicate crimes and the felony murder.

Bailey's theory is predicated on the marijuana seized from his mother's house being the same marijuana taken at gunpoint in the home invasion. But why that's true is not obvious from the argument itself. Again, we simply assume as much to advance our analysis. The theory still fails for multiple reasons.

• Assuming the district court should have granted a motion to suppress the marijuana the police seized from Walker's house, the State could not have offered the marijuana itself as evidence during the jury trial. The State, likewise, could not have introduced expert testimony from a chemist that the marijuana was, in fact, marijuana. As a practical matter, that would have left the State without sufficient evidence to prove the charges for possession of marijuana with intent to distribute and having no drug tax stamps.

But the State still could have had the surviving adult victim of the home invasion and Bailey's accomplices testify that a brick of green leafy stuff everyone believed to be marijuana was taken in the robbery. The aggravated robbery charges simply required proof that some property was taken—not that the property was marijuana.

• Bailey was charged with two counts of aggravated robbery, either of which would have supported the felony-murder conviction. One charge identified the victim as the man who was fatally shot and presumably relied on the brick of marijuana as the property taken by threat of bodily harm. Even assuming that charge would have been legally deficient without the actual marijuana as evidence (and, as we have explained, the assumption is mistaken), there was a second charge of aggravated robbery.

6

The second charge identified the surviving woman as the victim, so the property taken from her presence would have been her purse and its contents. That aggravated robbery charge stands independently of anything having to do with the marijuana as either the motive for the home invasion or the property taken during the criminal episode. So the second charge alone supports the felony-murder conviction.

• The aggravated burglary charge required that Bailey enter the house with the intent to commit an aggravated robbery. Again, as we have explained, each of the aggravated robbery charges could be proved without the marijuana as evidence at the trial. More to the point, however, the aggravated burglary charge merely required proof that Bailey *intended* to commit an aggravated robbery inside the house, not that he actually carried out a robbery. The trial testimony of his companions in crime was sufficient to prove that intent. So there would have been sufficient evidence of the aggravated burglary without the marijuana. The aggravated burglary, therefore, would have provided the predicate crime for the felony-murder charge even if the marijuana had been excluded as evidence.

• Bailey was charged with and convicted of discharging a firearm into an occupied dwelling for shooting through the front door. Nothing about that charge depended upon the marijuana, and it alone supported the felony-murder conviction.

To prevail on a 60-1507 motion, a convicted defendant must show both that his or her legal representation "fell below an objective standard of reasonableness" guaranteed by the right to counsel in the Sixth Amendment to the United States Constitution and that absent the substandard lawyering there is "a reasonable probability" the outcome in the criminal case would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014); see *Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3, 4, 694 P.2d 468

7

(1985) (adopting and stating *Strickland* test for ineffective assistance). Bailey had to prove both constitutionally inadequate representation and sufficient prejudice attributable to that representation to materially question the resulting convictions. A reviewing court properly may deny a 60-1507 motion that fails on the prejudice component of the *Strickland* test without assessing the sufficiency of the representation. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); see *Edgar v. State*, 294 Kan. 828, 843-44, 283 P.3d 152 (2012); *Oliver v. State*, No. 106,532, 2013 WL 2395273, at *5 (Kan. App. 2013) (unpublished opinion). Bailey's argument falls apart for that reason.

Without belaboring the point, Bailey's hypothesized suppression of the marijuana seized from his mother's house would not have materially impaired the State's evidence on the felony-murder charge, the aggravated robbery charges, the aggravated burglary charge, or the unlawful discharge of a firearm charge. Bailey has not shown any resulting legal prejudice calling into question the jury verdicts on them. Accordingly, his second 60-1507 motion fails on the merits of the underlying arguments it presents, wholly apart from any procedural bars based on untimeliness or successiveness. We may and do affirm the district court for that reason. See *State v. Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019).

In wrapping up our discussion, we return to Bailey's miscast assertion of actual innocence he premised on the suppression of the marijuana. Actual innocence bears on whether the defendant factually committed the charged criminal conduct. See *White v. State*, 308 Kan 491, 512-13, 421 P.3d 718 (2018); *Sims v. State*, No. 117,239, 2018 WL 911391, at *2 (Kan. App. 2018) (unpublished opinion). Suppression of evidence as a remedy for a government agent's violation of the protection against unreasonable searches and seizures in the Fourth Amendment to the United States Constitution does not rest on or establish a defendant's innocence. Suppression operates as a protective

8

device to deter those Fourth Amendment violations. See *Herring v. United States*, 555 U.S. 135, 139-40, 129 S. Ct. 695, 172 L. Ed. 2d 496 (2009); *United States v. Leon*, 468 U.S. 897, 908-09, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). The device often stymies the successful prosecution of the guilty and, thus, has no direct correlation to actual innocence. See *State v. Moore*, No. 119,521, 2020 WL 2602056, at *12-13 (Kan. App.) (unpublished opinion) (Atcheson, J. concurring in part and dissenting in part), *rev. denied* 312 Kan. ___ (September 29, 2020).

Bailey mistakenly argues successful suppression of the marijuana would mark him as innocent rather than as the subject of an unconstitutional search or seizure. He misunderstands the legal effect of suppression as a remedial tool for a Fourth Amendment violation. In some cases, of course, that success will impede or even prevent a conviction. But that's not the measure of actual innocence, either.

Having reviewed Bailey's arguments, we conclude the district court correctly denied Bailey any relief on his second 60-1507 motion.

Affirmed.