NOT DESIGNATED FOR PUBLICATION

No. 127,645

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PRESTON C. REYNOLDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed September 26, 2025. Vacated and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Preston C. Reynolds appeals his sentence after he pled guilty to driving under the influence (DUI), specifically the amount of jail credit he was awarded. The district court awarded one day of jail credit, finding that the other 92 days Reynolds spent in jail were ineligible for credit as he was also there on other charges from separate incidents.

After we docketed Reynolds' appeal, the Kansas Supreme Court decided *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), in which the court ruled that

1

offenders are entitled to receive jail credit for all time served regardless of whether they received an allowance for that time against a sentence in another case. Accordingly, Reynolds is entitled to receive jail credit for all of the days he spent in jail in the current case, even if he also receives an allowance for that time in another case. We must vacate Reynolds' sentence and remand this case to the district court with directions to enter an amended journal entry awarding Reynolds the jail credit to which he is entitled, consistent with *Ervin*.

FACTUAL AND PROCEDURAL HISTORY

The facts are not in dispute, although the issue of jail credit is anything but clear.

Reynolds was arrested for a DUI he committed on June 2, 2022. It appears he was released the same day he was arrested, because his sentencing journal entry lists one day of jail credit. Then five months later, on November 6, 2022, Reynolds committed the offense of criminal threat in case No. 22CR1707 (Case 2). He was convicted of that charge on July 28, 2023, and sentenced and placed in custody to serve a 16-month sentence on November 3, 2023. He received credit for two days served in conjunction with his arrest in November 2022.

On February 2, 2024, Reynolds and the State entered a plea agreement that dictated Reynolds would plead guilty to DUI. In turn, the State agreed to dismiss the charge for driving with a suspended or canceled license. Reynolds also agreed to a 12-month jail sentence and a fine of $2,500. Additionally, the State agreed to recommend Reynolds only serve a 6-month jail term, followed by 12 months' postrelease supervision. The written plea agreement stated that the parties agreed to recommend Reynolds' sentence "**run concurrently** with [Case 2], but consecutive to any other cases."

The district court accepted Reynolds' guilty plea, and the parties asked the court to follow the recommendation from the plea agreement at sentencing. On March 1, 2024, the district court sentenced Reynolds to a 12-month jail term, with 6 months of the sentence suspended, and imposed a $2,500 fine as called for in the plea agreement. The court deviated from the plea agreement, however, by ordering that Reynolds' sentence be served consecutively to Case 2 and any other convictions. The court based its decision on Reynolds' criminal history and the number of prior DUIs.

Although the district court noted on the sentencing journal entry that Reynolds was incarcerated for 93 days before sentencing during the pendency of this case, the district court only awarded him 1 day of jail credit because during the other 92 days, Reynolds was "also serving commitment in [Case 2]." Reynolds timely filed a notice of appeal.

We pause to note that it is unclear from the record whether Reynolds was placed in jail on the DUI case on November 30—while he was serving time on Case 2—or if he was out on bail on the DUI until his sentencing date of March 1. There is nothing in the record to explain why his sentence in Case 2 began on November 3, but then a notation indicated that he was being denied credit on this case for time he was serving on Case 2 beginning November 30. There is some suggestion in the record that at least on February 2, 2024, his bond was "continued." There is no doubt that he has been in custody since at least November 3, 2023; the question remains as to what the status of this case was during that time. Was he being held awaiting disposition on this case, was he out on bond on this case, or did he enter a plea while he was actually serving a term of months on Case 2? This case illustrates the importance of the district court showing its work in order to allow for meaningful appellate review, rather than relegating us to guesswork.

On appeal, Reynolds argues that the district court erred in not awarding him 92 days of jail time credit. Reynolds did not object when the district court said it was not going to award him the 92 days. Issues not raised at the district court generally may not be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). But an appellate court may hear an issue for the first time under limited exceptions. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019) (stating unpreserved issue may be considered if the newly asserted theory involves a question of law arising on admitted facts that would be determinative of the case, resolution of the question is necessary to serve the ends of justice or prevent the denial of fundamental rights, or the district court reached the right conclusion but relied on the wrong grounds). Reynolds argues two of the exceptions apply. Here, the facts are undisputed, the award of jail credit is entirely a question of law, and the record permits a meaningful review. Moreover, the State lodges no objection regarding preservation. Accordingly, we elect to consider Reynolds' argument on this issue.

ANALYSIS

The right to jail time credit in Kansas is statutory, governed by K.S.A. 21-6615(a), which states that when a defendant is convicted and sentenced to confinement, that sentence should be computed to "reflect . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Statutory interpretation presents a question of law over which this court conducts an unlimited review. *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

Reynolds pled guilty in February 2024 for an offense that occurred in June 2022. Jail credit awards are controlled by K.S.A. 21-6615(a), which provides jail credit "as an allowance for the time which the defendant has spent incarcerated pending the disposition

of the defendant's case." In the past, Kansas appellate courts interpreted this to mean that defendants could receive credit only if they were not being confined for any other pending case or sentence. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019).

The interpretation of K.S.A. 21-6615(a) changed with the Kansas Supreme Court's decision in *Ervin*, 320 Kan. 287, which controls our decision here. *Ervin* held that K.S.A. 21-6615 requires the district court to "award an allowance for all time spent incarcerated 'pending the disposition of *the* defendant's case.'" 320 Kan. at 311. This means a defendant receives one day of credit for each day incarcerated pending disposition, even if the defendant "received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

During Reynolds' sentencing hearing, the district court stated: "You are probably not going to receive any time served credit on this case. But if there was a time when you were held on this case and you were not being held for the case with a consecutive sentence then you are granted credit for time served."

If Reynolds was in custody serving a sentence in Case 2 at the time of his plea and sentencing in this case, he would not have been held "pending disposition" of this case. This is different from the situation in *Ervin*, where Ervin was in jail "pending the disposition of" his cases. Likewise, if his bond was still in effect in this case, he would not have been held pending disposition of this case.

Because we cannot be certain from this record, we vacate Reynolds' sentence and remand the case to the district court to show its work and give Reynolds any jail credit to which he is entitled consistent with this opinion and *Ervin*.

Vacated and remanded with directions.

5