No. 127,509

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK L. WATIE,
*Appellant*.

SYLLABUS BY THE COURT

K.S.A. 2022 Supp. 21-6615(a) requires a district court to credit a defendant's sentence for all time spent incarcerated pending the disposition of their case, even if they receive credit for some or all that time against a sentence in another case. This is true even if the resulting jail credit effectively nullifies a consecutive sentence mandated by the Kansas Legislature under K.S.A. 21-6606.

Appeal from Sedgwick District Court; DAVID DAHL, judge. Submitted without oral argument. Opinion filed September 26, 2025. Vacated in part and remanded with directions.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

WARNER, C.J.: Patrick Watie pleaded guilty to criminal threat and was sentenced to 13 months in prison. He committed this offense while he was on probation in a different criminal case. The district court revoked his probation and, consistent with

1

Kansas law, required his new sentence to be served consecutively to the sentence in that earlier case. Though Watie had spent a significant amount of time in jail while his case was pending, the district court did not credit any of that jail time toward his sentence, as it had all been applied to his other case.

Watie appeals, arguing the district court should have granted him credit against his sentence for the time he spent in jail pending the disposition of this case as well. Because this result is compelled by the Kansas Supreme Court's recent decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), we vacate the district court's jail-credit determination and remand for a reassessment of Watie's jail credit.

FACTUAL AND PROCEDURAL BACKGROUND

While he was on probation in another case, Watie was charged with one count of aggravated assault, one count of criminal threat, and two counts of criminal possession of a weapon by a convicted felon. He was arrested on those charges, along with his probation violations, in July 2022. The district court held a joint hearing on both cases in November 2022. At the close of the hearing, the court revoked Watie's probation in the earlier case and bound him over for trial on the new charges here.

Instead of going to trial on his new charges, Watie pleaded guilty to one count of criminal threat, a severity level 9 person felony, in June 2023. In exchange for his plea, the State recommended a prison sentence corresponding to the low number in the appropriate sentencing grid box. Watie's probation status meant a special rule applied, requiring the sentence for this conviction to run consecutive to any other sentences.

Watie's sentencing hearing took place on September 11, 2023. The district court imposed a 13-month prison sentence for Waite's criminal-threat conviction, running consecutive to any other sentences. The district court did not award a definite term of jail

2

credit from the bench. But it informed Watie: "Well, you do get credit for the time that you have spent with us in jail on this case, but if you're with us for a day—and these cases run consecutive—you don't get credit for both cases; you get credit on one case or the other case." The sentencing journal entry indicated that Watie was not awarded any credit for his jail time in this case, noting that he was simultaneously held on other cases, that he had received credit in those cases, and that his sentences were consecutive.

## DISCUSSION

On appeal, Watie argues that he should receive credit toward his sentence in this case for all the time he spent incarcerated while this case was pending disposition, even though a sentence in another case had already been credited with that time.

Watie acknowledges that he did not object to the district court jail-credit ruling at sentencing or at any point before his appeal. This lack of preservation would ordinarily weigh against our consideration of an issue for the first time on appeal. But Watie requests that we consider this issue because the district court did not definitively state how much credit would be awarded at sentencing. He also argues that this issue primarily involves a question of law and that it is necessary to serve the ends of justice or prevent the denial of fundamental rights. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). In its brief, the State takes no position on the question of preservation.

Statutory interpretation presents a question of law over which our review is unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). The facts supporting this issue are largely undisputed. And we, like Watie, note that the district court never announced how much jail credit it would award him at the sentencing hearing. That determination was made in the journal entries, which were filed later, meaning Watie had a limited opportunity to object to the court's jail-credit ruling. We also find it significant that the *Ervin* decision—which interprets the Kansas statute governing jail credit—was

3

issued by the Kansas Supreme Court during the pendency of this case, so Watie would not have been able to raise an objection based on that decision while this case was before the district court. Under these circumstances, we exercise our discretion to consider Watie's jail credit for the first time in this appeal.

Watie committed the offense giving rise to his criminal-threat conviction in June 2022. At that time, jail credit was controlled by K.S.A. 2022 Supp. 21-6615(a), which stated that a defendant in a criminal case must receive "an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

In the past, the Kansas appellate courts interpreted this language to mean that defendants could receive credit only if they were not being confined for any other pending case or sentence. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019). But the interpretation of K.S.A. 2022 Supp. 21-6615(a) changed with the Kansas Supreme Court's decision in *Ervin*, which controls our decision here. *Ervin* held that K.S.A. 21-6615—as it existed before May 2024—required the district court to "award an allowance for all time spent incarcerated 'pending the disposition of the defendant's case.'" 320 Kan. at 311. This means a defendant must receive one day of credit for each day they are incarcerated in their case, even if they "received an allowance for some or all that time against a sentence in another case." 320 Kan. at 312.

We do not fault the district court for not anticipating the *Ervin* decision. But the district court's assertion at sentencing that Watie cannot receive credit toward his sentence in this case because he already received credit for that jail time in a different case is incorrect in light of *Ervin*. The district court's jail-credit ruling must be vacated.

We appreciate the State's arguments regarding the consequences of this interpretation of K.S.A. 2022 Supp. 21-6615(a) and agree that this case is an example of the absurd results that can occur based on that interpretation. Watie was held in jail on

4

this case and on his previous probation-revocation case between June 2022 and his sentencing in September 2023. During most of that time, Watie was facing charges that carried potentially longer sentences. But as a result of his plea agreement, his prison sentence in this case—13 months' imprisonment—is less than the time he spent in jail while this case was pending. As the district court correctly noted, Kansas law requires a person who commits a crime while on probation to serve a consecutive sentence. K.S.A. 21-6606(c). *Ervin* essentially eviscerates that requirement here: Watie's jail credit will effectively nullify his sentence in this case, making it no different from a concurrent sentence to his earlier probation-revocation case (for which he is also receiving credit for the time he spent in jail).

Judge Malone recently discussed this phenomenon in his concurrence in *State v. Brown*, 65 Kan. App. 2d 663, 570 P.3d 1278 (2025), as an example of *Ervin*'s effect on consecutive sentences. That discussion presaged our holding here:

> "Typically, when an offender commits a new crime while on probation, the offender will be held in custody on the new charge and also on a probation violation warrant awaiting disposition of both cases. Ultimately, the offender's probation will be revoked and the offender will be sentenced on the new conviction consecutive to the sentence in the probation violation case. Under *Ervin*, the defendant will receive duplicative jail credit in each case even though such jail credit runs counter to the legislative mandate that the sentences in the two cases be consecutive. It will behoove an offender to delay disposition of the cases for as long as possible in district court while the offender piles up duplicative jail credit in multiple cases." *Brown*, 65 Kan. App. 2d at 676-77 (Malone, J., concurring).

We question whether this result is what the Kansas Legislature intended when enacting K.S.A. 21-6606 and K.S.A. 2022 Supp. 21-6615. It seems counterintuitive that the legislature would require consecutive sentences in all crimes committed when a defendant was on probation while at the same time envisioning duplicative credit for time spent when someone is held for a probation violation and has been arrested for the new

5

crime (and thus nullifying the consecutive sentences in many cases). Indeed, this rule appears to run contrary to our typical practice during statutory construction of looking both at the language of the statute in question and at the greater statutory framework, with an eye toward reading these provisions in a reasonable and workable harmony. See *State v. Strong*, 317 Kan. 197, 203, 527 P.3d 548 (2023); *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020).

The *Ervin* court found that these principles do not apply to the interpretation of K.S.A. 2022 Supp. 21-6615(a). See *Ervin*, 320 Kan. at 310-11. Though that statute did not directly address consecutive sentences, the court found that its plain language required a person to receive one day of credit against their sentence for each day they spent incarcerated pending the disposition of their case, regardless of whether they had already received credit for that time in a different case—that is, even if that sentence ran consecutive to another sentence for which they had already received credit for those days. 320 Kan. at 311-12. We are bound by that precedent and follow it here.

We note, however, that our Supreme Court has interpreted statutory silence more holistically in other cases. For example, in *State v. Keel*, 302 Kan. 560, 572, 357 P.3d 251 (2015), the court was faced with a situation where there was "no explicit language" in the Kansas Sentencing Guidelines Act that told courts "precisely how to classify in-state or out-of-state pre-KSGA convictions or juvenile adjudications as person or nonperson offenses for criminal history purposes." The court explained that in that instance:

> "we are neither interpreting plain language nor construing ambiguous language according to the clues of legislative intent. Rather, we must interpret the entire Act, looking to the overall design and purposes of the KSGA and construing the Act according to its spirit and reason in order to determine whether the omission at issue is a reasonable indication that the matter excluded is irrelevant to the statutory scheme and the legislative intent, or whether the omission is actually a 'silence gap' that undermines—and introduces ambiguity into—other aspects of the Act." 302 Kan. at 573.

6

We share the State's concern that in following a different interpretive path in *Ervin*, our caselaw has effectively eliminated the district court's ability—and the legislature's clearly stated intent—to impose sentences that are truly consecutive. Our recent decisions illustrate this concern. In *State v. Schanstra*, (No. 127,247, this day decided), slip op. at 5 (unpublished opinion), we found that, under the holding in *Ervin*, Schanstra's three consecutive sentences totaling 73 months would "now be substantially reduced." In *State v. Bradwell*, (No. 126,863, this day decided), slip op. at 6 (unpublished opinion), we found that *Ervin* reduced a 63-month controlling sentence by around 38 months—or around 1,150 days—even though the defendant had been incarcerated for 445 days while his three cases were pending. And here, we find that Watie must receive credit that entirely offsets his statutorily mandated consecutive 13-month sentence, even though he has also received jail credit for that same time toward his earlier case.

But resolution of this issue is mandated by our Supreme Court's decision in *Ervin*, and we are duty-bound to follow Supreme Court precedent, absent some indication of a departure. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Based on the plain language of K.S.A. 2022 Supp. 21-6615(a), as recently interpreted by our Supreme Court in *Ervin*, Watie is correct that the district court was required to award an allowance for all time spent incarcerated pending the disposition of his case, even if that would result in duplicative credit, and even if that result would effectively eliminate the consecutive sentence required by K.S.A. 21-6606(c).

We vacate the district court's jail-credit determination and remand with directions to reassess that determination based on the Kansas Supreme Court's decision in *Ervin*.

Vacated in part and remanded with directions.