NOT DESIGNATED FOR PUBLICATION

Nos. 128,907
128,908

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JARED M. SANCHEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed June 26, 2026. Sentence vacated and case remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Jared M. Sanchez initially appealed from his probation revocation in case No. 23CR331 (Case 1) and his sentence in case No. 24CR2205 (Case 2). We consolidated the cases for appeal, but on appeal, Sanchez only challenges the amount of jail time credit the district court awarded him upon revoking his probation in Case 1. On our review of the jail credit issue, we find his credit was not properly awarded in line with *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), and we remand to the district court for recalculation of that credit.

1

FACTUAL AND PROCEDURAL BACKGROUND

In Case 1, the State charged Sanchez with one count of aggravated domestic battery and one count of criminal threat for alleged crimes occurring in Sedgwick County on February 10, 2023. Sanchez pleaded guilty on April 20, 2023, was released on an own recognizance bond that same date, and sentencing in Case 1 was set for early June 2023.

Meanwhile, Sanchez was facing probation revocation in another county, Sumner County, on other cases. Beginning April 26, 2023, through March 7, 2024, Sanchez was in the custody of Sumner County to serve a one-year jail sentence on two 2022 cases. Due to this incarceration, Sanchez missed his original sentencing date in Case 1, and the Sedgwick County District Court issued a warrant for Sanchez' arrest on June 13, 2023. That warrant was not served on Sanchez until March 7, 2024, when he was released from the Sumner County Jail and transferred to Sedgwick County.

During the sentencing hearing held on March 25, 2024 in Case 1, the district court granted Sanchez 24 months of probation, with an underlying prison term of 29 months. The district court ordered this probation term to run consecutive to other cases not relevant to this appeal. As for any jail time credit, the district judge stated:

> "I will order that you be given credit towards your sentence for all the time you've spent in custody in this case. However, remember, I ran this consecutive to all these other cases, including the ones that you were revoked on, okay?
> . . . .
> "THE COURT:  So all that time you probably are going to get no credit. You probably have the full sentence."

In October and November 2024, the State filed warrants alleging Sanchez violated his probation in Case 1. Sanchez was also charged with crimes in Case 2, for conduct on

October 23, 2024. He eventually pleaded guilty to one count of felony criminal threat in Case 2.

The district court held a hearing on February 25, 2025, for sentencing in Case 2 as well as the probation violation in Case 1. In Case 2, the district court imposed a 15-month prison term to run consecutive to the sentence imposed in Case 1. The district court did not award jail credit toward this sentence. In Case 1, the district court revoked Sanchez' probation and sentenced him to the full 29-month underlying prison sentence. The district judge stated, "I will order that you be given credit towards your sentence for all time you've spent in custody." There was no further discussion of jail credit at this hearing. The district court awarded 197 days jail time credit toward this sentence on the sentencing journal entry in Case 1.

Sanchez filed timely notices of appeal in Case 1 and Case 2. Sanchez moved to consolidate the appeals because the issue of jail credit in both cases was determined on the same date at the same hearing, and we granted his motion.

ANALYSIS

We first address whether Sanchez' challenges are preserved for our review. Sanchez acknowledges he did not object to the jail credit awarded by the district court. Sanchez now asks us to address the issue on appeal because there was no meaningful opportunity to challenge the issue before appeal; addressing the issue is necessary to prevent a denial of his fundamental rights; the issue is solely a question of law determinative of the case; and he should receive the benefit of the change in law that occurred during the pending appeal. The State did not address the issue of preservation in its brief.

3

The sole issue Sanchez now raises on appeal is whether he is entitled to additional jail credit in Case 1. The facts of the case are not contested. As found by our Supreme Court, in a jail credit challenge like this, an exception to the preservation requirement applies because this appeal "presents a question of law involving interpretation of a statute that is presented on admitted facts." *Ervin*, 320 Kan. at 306 (considering jail credit issue raised for the first time on appeal).

Whether jail credit is properly calculated is an issue of statutory interpretation, which is a question of law, and this court has unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

Moving to our review of his challenge, Sanchez now clarifies on appeal that he "does not seek additional jail credit in [Case 2]—only in [Case 1]." He likewise raised no challenge to the revocation of his probation in Case 1. An issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). Because Sanchez raises no arguments as to the revocation of his probation in Case 1, or any challenge to his sentence in Case 2, any such appeals have been abandoned.

The law mandating how jail credit is calculated has changed multiple times since Sanchez committed his crimes in February 2023. At that time, jail credit was governed by K.S.A. 2022 Supp. 21-6615(a). This statute had been interpreted to award a defendant credit for time spent in custody solely on the charge for which sentencing is pending; a defendant was not entitled to credit for time spent in custody on "other, distinct, and wholly unrelated charges." *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019).

But in October 2023, the Kansas Supreme Court rejected this interpretation and ruled the Legislature intended that "a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023).

4

In reaction to *Hopkins*, the Kansas Legislature amended K.S.A. 21-6615, effective May 23, 2024. The amendment specified that a defendant be awarded credit for all time spent in custody while the case was pending unless (1) the time was awarded in another case when consecutive sentences were imposed; or (2) no hold was issued in the jurisdiction in which the defendant was held. K.S.A. 2024 Supp. 21-6615(a)(2)(A)-(B).

A year later, the Kansas Supreme Court published its decision in *Ervin*, which clarified the ruling in *Hopkins* and found that under the pre-amendment version of K.S.A. 21-6615, a defendant shall be awarded jail credit for all time spent in custody "regardless of whether he received an allowance for some or all that time against a sentence in another case." *Ervin*, 320 Kan. at 312; see also *State v. Romey*, 321 Kan. 400, 420, 580 P.3d 1 (2025) (finding that *Hopkins* was a change in law and *Ervin* simply applied this change).

The result in this case, then, depends upon what law applies. If K.S.A. 2022 Supp. 21-6615 applies, *Hopkins* as interpreted in *Ervin*, also applies, and Sanchez is entitled to additional jail time credit. If K.S.A. 2024 Supp. 21-6615 were to apply, the district court may have accurately calculated Sanchez' jail credit.

"The court sentences a person convicted of a crime in accordance with the sentencing provisions in effect when the person committed the crime." *State v. Juiliano*, 315 Kan. 76, 80, 504 P.3d 399 (2022). The Kansas Court of Appeals recently analyzed the changes to K.S.A. 21-6615 and held "a defendant's jail credit is determined by the statute in effect when they commit their offenses—not at a more mutable time (*such as a sentencing hearing*)." (Emphasis added.) *State v. Mitchell*, 66 Kan. App. 2d 196, 207, 579 P.3d 970 (2025), *rev. granted* 321 Kan. 793 (2026). In *Mitchell*, the panel held the date of the offense entitled the defendant to the benefit of *Ervin* and *Hopkins,* even though sentencing occurred after the amendments to K.S.A. 21-6615 took effect. *Mitchell*, 66 Kan. App. 2d at 207. ("In short, K.S.A. 2024 Supp. 21-6615[a] includes no language

5

indicating that the legislature intended to apply it retroactively to pending cases awaiting sentencing. In the absence of any such indication, the 2024 amendments apply only to sentences for crimes committed on or after May 23, 2024."). We find the rationale of the *Mitchell* panel compelling.

Such a finding holds the line of other recent Kansas Court of Appeals decisions. See *State v. Jones*, No. 129,508, 2026 WL 1506277, at *2 (Kan. App. 2026) (unpublished opinion) (finding that *Hopkins* did not apply because the direct appeal was finalized prior to the *Hopkins* decision); *State v. Scott*, No. 128,739, 2026 WL 1506094, at *2 (Kan. App. 2026) (unpublished opinion); *State v. George*, No. 127,972, 2026 WL 1361908, at *7 (Kan. App. 2026) (unpublished opinion) (agreeing with the *Mitchell* analysis and applying *Hopkins* and *Ervin* to offenses committed before May 2024), *petition for rev. filed* June 2, 2026; *State v. Owens*, No. 128,059, 2026 WL 850143, at *3 (Kan. App. 2026) (unpublished opinion) (same), *petition for rev. filed* April 27, 2026.

Although the State argues the sentencing date of Case 1 should govern which statute applies, under the *Mitchell* reasoning and other recent opinions, we find the argument unconvincing. Because the date of the offense was February 10, 2023, Sanchez is subject to K.S.A. 2022 Supp. 21-6615 and is entitled to the *Ervin* and *Hopkins* interpretation of K.S.A. 21-6615. Sanchez must be awarded credit for all time spent in custody while the case was pending "regardless of whether he received an allowance for some or all that time against a sentence in another case." *Ervin*, 320 Kan. at 312.

From March 7, 2024—when he was arrested on the Sedgwick County warrant upon his release from Sumner County—until March 25, 2024, when he was released on probation, Sanchez was held in the Sedgwick County Jail. He was not awarded those 19 days of credit, and under *Ervin*, is due credit for those 19 days.

But Sanchez' claim for credit of an additional 316 days—all the days spent in Sumner County, from April 25, 2023 through March 7, 2024—is subject to a different analysis. During the time he was serving his sentence in Sumner County on those entirely separate cases, he was not entitled to jail-time credit—not until the Sedgwick County warrant was served on him and he began serving time related to Case 1. Recent decisions of our court confirm as much. See *State v. Hill*, 66 Kan. App. 2d 177, 180-81, 577 P.3d 670 (2025), *review granted* 321 Kan. 792 (2026) (finding that for a defendant to receive jail-time credit under K.S.A. 2022 Supp. 21-6615, the incarceration must be tied to the case in which the defendant is seeking to receive credit); *State v. Hughes*, No. 129,016, 2026 WL 1622998, at *5 (Kan. App. 2026) (unpublished opinion) (finding Hughes was not "entitled to jail credit until the probation violation warrant was served on him as he was not in custody pending disposition of this case until that time"). We find the analyses in these cases persuasive and on point.

We have no doubt that, under the *Ervin* and *Hopkins* framework, Sanchez is entitled to additional jail time credit, and we remand this matter to the district court for it to determine—either through an amended journal entry of judgment or a hearing, if needed—the amount of jail credit to which Sanchez is entitled in Case 1 (case No. 23CR331) under *Ervin* and *Hopkins*.

Sentence vacated and case remanded with directions.

7